282 So.2d 450 (1973)
Lester J. SUMMERELL
v.
James W. PHILLIPS et al.[1]
No. 53269.
Supreme Court of Louisiana.
August 20, 1973.
Rehearing Denied September 24, 1973.
*451 Ellison, Gary & Field, Leon Gary, Jr., Baton Rouge, for plaintiff-respondent.
Joseph F. Keogh, Parish Atty., Edward V. Fetzer, Asst. Parish Atty., for defendants-relators.
DIXON, Justice.
In October, 1967 plaintiff purchased a ten acre tract on Perkins Road in an area zoned "rural" by the East Baton Rouge Parish zoning ordinance. Plaintiff then retained a civil engineer to design a mobile home park to be constructed on the tract. On May 20, 1968 plaintiff applied to James W. Phillips, the parish building official, for a permit to build the mobile home park. Although Summerell had satisfied the requirements for obtaining the permit, the building official refused to issue the permit, relying on two resolutions adopted by the City-Parish Council. The resolutions, number 7626, adopted March 27, 1968, and number 7666, adopted April 24, 1968, called for an immediately effective "moratorium" on the issuance of permits for the construction of mobile home parks in the areas of East Baton Rouge Parish zoned "rural."
Plaintiff petitioned the district court to issue a writ of mandamus ordering the building official to issue a permit for the construction of the mobile home park. The district court found the "moratorium" to be unconstitutional and issued the writ on September 24, 1968. On September 25, 1968 the City-Parish Council adopted ordinance 2876 which amended the parish comprehensive zoning ordinance, creating a new zoning classification called a "T Trailer Park or Mobile Home District." Under the new ordinance, mobile home parks could be constructed only in such districts or in areas zoned C3, C4, M1 or M2.[2] The defendant building official timely moved for a new trial contending that he could not issue the requested building permit because Summerell's land did not lie in one of the zones required by ordinance 2876. The motion was granted, a new trial was had, and plaintiff's petition for a writ of mandamus was dismissed. The constitutionality of ordinance 2876 was not formally attacked at this stage of the litigation.
On appeal, plaintiff questioned the constitutionality of the new ordinance. The appellate court found that the issue of constitutionality was properly presented, found that the ordinance was unconstitutional, and ordered the issuance of the permit to the plaintiff. Summerell v. Phillips, La. App., 238 So.2d 786 (1970). We granted the building official's application for a writ of certiorari and determined that the issue of the ordinance's constitutionality had not been properly placed before the appellate court. By a divided court we remanded the case to the trial court to allow Summerell to amend his petition to include his contentions that the ordinance was unconstitutional. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).
Prior to the reconsideration of this matter on remand, plaintiff petitioned the City-Parish Council to establish his ten acre tract as a "T Trailer Park or Mobile Home District." The record indicates that plaintiff submitted a layout of the planned mobile home park which complied with the minimum construction standards of Section 9 of Ordinance 2876 and that he had *452 obtained the approval of the parish health unit concerning the park's proposed sewage treatment facilities and water supply. Nevertheless, on May 10, 1972, the council denied his application by a unanimous vote.
On remand, the district court determined that ordinance 2876 was unconstitutional because it contained no standards for the establishment of "T Trailer Park or Mobile Home District." The court ordered the present building official, Robert C. Groht, to issue plaintiff a permit for the construction of a mobile home park on his property. The defendant building official has appealed to this court, as is his right. Louisiana Constitution of 1921, Art. VII, § 10.
Parish ordinance 2876 amended the comprehensive zoning ordinance of the parish, ordinance 764, to provide for the regulation of mobile home parks. Section 9 of the ordinance, which adds subsection 2.213 to the comprehensive zoning ordinance, provides:
"No trailer or mobile home shall be permitted in any district, except in a T Trailer Park or Mobile Home District or in a C3, C4, M1 or M2 District already established. A T Trailer Park or Mobile Home District may be established in any area previously designated A1, A2, A3, A4, A5, B, B1, C1, C2 and R Districts only after submission of a layout in compliance with the following criteria, and the adoption of an amendment to this ordinance creating and establishing such District, said amendment to be considered and adopted in the manner provided by L.R.S. 33:4724-4725, and Part Ten of this ordinance. All trailer parks or mobile home parks shall secure approval of the Parish Health Unit on the method of sewage treatment and disposal and on the public water supply, and shall be built in accordance with the following minimum construction standards:
(1) Individual trailer sites may be leased or rented but not subdivided or sold.
(2) A minimum site of 3 acres would be required, with a minimum frontage of 200 feet, on a publicly maintained street or road.
(3) Maximum density would be 12 trailer sites per acre.
(4) Minimum improvement requirements for private drives within the trailer park would be 23' back to back of curb in a 35' width between building lines with underground storm drainage and pavement construction of at least 6" soil cement base and 1½ of asphaltic concrete surface.
(5) Where only one drive is to be provided, each trailer park shall include an adequate circular turnaround at the rear of the property with a minimum radius of 30' for garbage trucks and other vehicles.
(6) Minimum lot size would be 30 foot front by 75 foot depth.
(7) Each trailer site would have two two-foot wide concrete runners 6" thick for the trailer location and a 4" thick, 10'× X 26' concrete parking pad, to be measured from the back of curb at the front of the site.
(8) If garbage hoppers are to be provided then 2 shall be provided for each 20 trailer sites with the same type and specifications as apartment developments.
(9) Each trailer site shall be provided with a sanitary sewer connection and each trailer park shall be provided with a collection and treatment system and public water supply in compliance with the standards of the Parish Health Unit and the State Health Department.
(10) There may be established a separate or optional area for overnight campers which area shall be provided with central public facilities.
(11) Where T Trailer Park or Mobile Home Districts are established adjacent *453 to residential districts, a fence at least 5' high and 90% solid shall be provided along side and rear property lines."
A zoning ordinance which contains no standard for the uniform exercise of the power to grant or deny applications for permits is unconstitutional. To be constitutional, a zoning ordinance must be sufficiently definite to notify citizens of their rights pursuant to the ordinance and must establish sufficiently definite and adequate standards to govern officials with respect to the uniform treatment of applications for permits under the ordinance. United States Constitution, Amendment V and Amendment XIV, Louisiana Constitution of 1921, Art. I, § 2, Gaudet v. Economical Super Market, Inc., 237 La. 1082, 112 So. 2d 720 (1959); McCauley v. Albert E. Briede & Son, 231 La. 36, 90 So.2d 78 (1956); State ex rel. Dickson v. Harrison, 161 La. 218, 108 So. 421 (1926).
To establish a mobile home park in areas of East Baton Rouge Parish zoned A1, A2, A3, A4, A5, B, B1, C1, C2 and R, an individual must convince the City-Parish Council to adopt an amendment to the comprehensive zoning ordinance establishing the property on which the mobile home park is to be located as a "T Trailer Park or Mobile Home District." The amendment "is to be considered and adopted in the manner provided by L.R.S. 33:4724-4725, and Part Ten of this ordinance" (the comprehensive zoning ordinance). A reading of § 9 of ordinance 2876, part ten of the comprehensive zoning ordinance of East Baton Rouge Parish and R.S. 33:4724-4725 reveals no objective standard for the establishment of such "T zones." No applicant can know, by reading the ordinance, what he must do to have his property established as a mobile home district. There are no objective standards for the establishment of such districts. Ordinance 2876 grants the City-Parish Council the absolutely free, unfettered and unguided discretion to grant or deny applications for T zoning amendments. Hence, ordinance 2876 is unconstitutional.
Plaintiff Summerell also contends that the T zoning ordinance discriminates against that class of people who choose to reside in mobile homes, thus violating the equal protection provisions of the Fourteenth Amendment to the United States Constitution. It is unnecessary, at this time, to consider this broader attack on the constitutionality of the T zoning ordinance.
The judgment of the trial court is affirmed at applicant's cost.
NOTES
[1] On June 17, 1971 Robert C. Groht, building official for East Baton Rouge Parish, was substituted for James W. Phillips as defendant.
[2] According to the East Baton Rouge Parish zoning ordinances C3 is a "Commercial District," C4 is a "Highway Commercial District," M1 is a "Light Industrial District" and M2 is a "Limited Industrial District."