391 So.2d 1178 (1980)
TIBER PETROLEUM, INC. and B. P. Louisiana, Inc.
v.
The PARISH OF JEFFERSON, Joseph Yenni, President, Jefferson Parish Council, Robert Evans, Chairman, and the Jefferson Parish Department of Inspection and Code Enforcement, Rene Chehardy, Director.
No. 80-CA-2021.
Supreme Court of Louisiana.
December 15, 1980.
*1179 Marion F. Edwards, David C. Loeb, Edwards, Cullen & Loeb, Gretna, for plaintiffs-appellees.
Hubert Vondenstein, Ronald J. Gillen, Parish Attys., for defendants-appellants.
WATSON, Justice.
This is a zoning dispute in which the defendant Parish of Jefferson has appealed from a trial court judgment declaring Ordinance No. 14068 unconstitutional and granting plaintiffs a writ of mandamus to compel issuance of a building permit for the construction of a crude oil processing unit.
Plaintiff, Tiber Petroleum, Inc., leases from plaintiff, B. P. La., Inc., property known as the NOLA Terminal in Harvey, Jefferson Parish, Louisiana. The leased property is located in an M-2, Heavy Industrial District. According to Jefferson Parish Ordinance No. 14068, the permitted uses in an M-2 area include "Petroleum products, refining or wholesale storage of petroleum Provided an ordinance of no objection is approved by the Jefferson Parish Council." (Tr. 10) The governing body of the Parish, the Jefferson Parish Council, refused to issue an ordinance of no objection to the construction of a crude oil processing unit by Tiber on the land leased from B. P. Plaintiffs filed this suit, contending that the failure to adopt the ordinance of no objection was unreasonable, arbitrary and capricious. It was argued that Ordinance No. 14068, which amended the Comprehensive Zoning Ordinance to require that an ordinance of no objection be obtained prior to storage or refining of petroleum products in an M-2 area, is unconstitutional for lack of objective standards.
This court has original appellate jurisdiction because the ordinance was declared unconstitutional. Article 5, Section 5(D)(1), Louisiana Constitution of 1974. The issue on appeal is whether the ordinance is constitutional.
Article 6, Section 17 of the Louisiana Constitution of 1974 deals with "Land Use; Zoning; Historic Preservation" and states:
"Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained."
No uniform procedures have been established by the Legislature for zoning by parish governments since adoption of the 1974 Constitution. The Jefferson Parish Council acted under its prior enabling legislation, Act 537 of 1954.
*1180 The intention behind Ordinance No. 14068 is not reflected in the minutes of its adoption. The Parish contends that it was designed to safeguard the public against unsafe refineries. That goal ranks high on the scale of zoning objectives. A legislative body has greater discretion in zoning to protect the public safety than it does in pursuing less compelling purposes. However, this ordinance provides an exception for a particular category of heavy industry for no apparent reason. It is devoid of any guidelines for its application. No policy is stated in the enactment. The Council did not even indicate a minimal standard: that an ordinance of no objection would be approved if the proposed use did not present a hazard to the public. In the absence of any criteria for one petroleum facility to be approved and another disapproved, the ordinance is unconstitutional. Summerell v. Phillips, 282 So.2d 450 (La., 1973).
For the foregoing reasons, the judgment of the trial court herein is affirmed.
AFFIRMED.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
Many courts have held that where the legislative authority reserves itself the power to issue or withhold permits, it need not articulate the standards which will guide or limit the exercise of such a power. Zellinger v. CRC Development Corp., 281 Md. 614, 380 A.2d 1064 (1977); Lemp v. Town Board of Islip, 90 Misc.2d 360, 394 N.Y.S.2d 517 (1977); American Nat. Bank & Trust Co. v. Rockford, 55 Ill.App.3d 806, 13 Ill.Dec. 620, 371 N.E.2d 337 (1977); Bollinger v. Board of Supervisors, 227 S.E.2d 682 (Va.1976); Marquis v. Waterloo, 210 Iowa 439, 228 N.W. 870 (1930); 3 R. Anderson, American Law of Zoning § 19.10 (2d ed. 1977). This precept provides the wiser course in situations such as presented in this case where the parish council has reserved to itself the power to decide whether to permit a potentially dangerous activity in a highly populous metropolitan area.
Furthermore, even if the ordinance is deemed to be unconstitutional, it should at lease be accorded respect as an expression of the legislative intent to repeal the former ordinance which would allow unrestricted usage of property for petroleum refineries.