419 So.2d 431 (1982)
Charles MORTON and Dorothy Morton
v.
The JEFFERSON PARISH COUNCIL et al.
No. 82-C-0410.
Supreme Court of Louisiana.
September 7, 1982.
*432 Hubert A. Vondenstein, Parish Atty., Louis G. Gruntz, Jr., Asst. Parish Atty., for applicant.
Jerry L. Gardner, Jr., Marie Healey, and C. Paul Baker, Barker, Boudreaux, Lamy, Gardner & Foley, New Orleans, for respondent.
*433 DIXON, Chief Justice.
This is a zoning dispute in which defendant, the Jefferson Parish Council, sought certiorari from the court of appeal's judgment ordering the council to issue a special use permit to plaintiffs. 408 So.2d 3 (La. App.1981).
In 1979 plaintiffs purchased a house and lot at 1335 Barataria Boulevard in Marrero, Louisiana where they planned to operate a nursery school. The property was located in a district zoned R-1, single family residential.[1]
The Mortons applied for a permit on November 20, 1979; the application was accepted by the Planning Director. On January 8, 1980 a public hearing was held before the Planning Advisory Board. The Planning Director and the Planning Advisory Board recommended that the application be denied.[2] Thereafter, a public hearing was held before the council. The council accepted the recommendation of the board and denied the application.
The matter then proceeded to trial. The trial court ruled that the council's refusal to grant a use permit was not based on the unconstitutional resolution and that the decision was neither arbitrary nor capricious. The court of appeal reversed, holding that the governing authority acted arbitrarily in two respects: (1) in failing to follow its own procedure by ensuring that the signatures on an opposition petition introduced at the hearings belonged to property owners within 300 feet of the Morton property; (2) by not finding that the surrounding area contained considerable commercial development and therefore no loss of residential integrity would be occasioned by the nursery school.
Pursuant to Act 537 of 1954, the Jefferson Parish Council adopted a Comprehensive Zoning Ordinance.[3] The ordinance provides for the regulation of the "location and use of buildings, structures, and land for trade, industry, residence or other purposes and for said purposes [to] divide the parish into districts; ..."
The R-1 district is given this description:
"This district is composed of certain lands and structures having a low density, single family residential character and additional open area where it is desirable and likely that such similar development will occur. Uses are limited to single family residences and such nonresidential uses as are intended primarily to provide service to the adjacent neighborhood."
*434 The ordinance proceeds to list several permitted uses in an R-1 district, among them single family dwellings, churches, schools, parks, libraries, museums, community centers and home occupations. A nursery school is a permitted use "when approved by an ordinance by the Jefferson Parish Council, when the Council is satisfied that granting approval will not seriously affect any adjoining property or the general welfare." In addition, conditions are placed on this use: a play area of at least 200 feet for each child must be provided and a fence of not less than 4 feet nor more than 6 feet must enclose the play area.
Initially, it should be noted that the instant case concerns a "special use" classification. Special uses have been defined as a:
"... group of uses neither absolutely permitted as of right nor prohibited by law. They are privileges, in a sense, which must be applied for and approved by some designated governmental body authorized to condition the grant of permission based on a number of relevant land use considerations. Such uses of property are permitted uses, generally compatible with the zoning district but not at every location therein nor without certain standards or other requirements being met." P. Rohan, 6 Zoning and Land Use Controls § 44.01 (1981).
Inclusion of special permit uses in the zoning enactment presupposes a legislative determination that these uses are in harmony with the general zoning plan and will not adversely affect the community. Nevertheless, a permit is necessary precisely because of the possibility that the permitted use might be incompatible in certain respects with the applicable zoning in the area. See Copley Memorial Hospital, Inc. v. City of Aurora, 99 Ill.App.3d 217, 54 Ill.Dec. 628, 425 N.E.2d 493 (1981); City of Atlanta v. Wansley Moving & Storage Co., 245 Ga. 794, 267 S.E.2d 234 (1980); Elam v. Albers, 44 Colo.App. 281, 616 P.2d 168 (1980); County of Imperial v. McDougal, 19 Cal.3d 505, 138 Cal.Rptr. 472, 564 P.2d 14 (1977), app. dismissed 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 306 (1977); Tandem Holding Corp. v. Board of Zoning Appeals, 43 N.Y.2d 801, 402 N.Y.S.2d 388, 373 N.E.2d 282 (1977); State ex rel. Skelly Oil Co. v. Common Council, 58 Wis.2d 695, 207 N.W.2d 585 (1973); Kotrich v. County of DuPage, 19 Ill.2d 181, 166 N.E.2d 601 (1960), app. dismissed 364 U.S. 475, 81 S.Ct. 243, 5 L.Ed.2d 221 (1960), reh. denied 365 U.S. 805, 81 S.Ct. 466, 5 L.Ed.2d 463 (1961); R. Anderson, 3 American Law of Zoning § 19.01 (2d ed. 1977).
The authority to enact zoning regulations flows from the police power of governmental bodies and is valid if it bears a rational relation to the health, safety and welfare of the public. Folsom Road Civic Ass'n v. Parish of St. Tammany, 407 So.2d 1219 (La.1981); Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La. 1974). Zoning ordinances are presumed to be valid; the party attacking the ordinance bears the burden of proving that it is unconstitutional or that it was applied in an arbitrary and discriminatory manner. Furr v. Mayor and City Council of Baker, 408 So.2d 248 (La.1981); Folsom Road Civic Ass'n v. Parish of St. Tammany, supra; Southside Civic Ass'n v. Guaranty Savings Assurance Co., 339 So.2d 323 (La.1976). Special use classifications are entitled to the same standard of review as other zoning enactments. Copley Memorial Hospital, Inc. v. City of Aurora, supra.
However, a zoning ordinance which contains no standard for the uniform exercise of the power to grant or deny applications for permits is unconstitutional. Summerell v. Phillips, 282 So.2d 450 (La. 1973); Gaudet v. Economical Super Market, Inc., 237 La. 1082, 112 So.2d 720 (1959); McCauley v. Albert E. Briede & Son, 231 La. 36, 90 So.2d 78 (1956). To be constitutional, a zoning ordinance must be sufficiently definite to notify citizens of their rights pursuant to the ordinance and must establish adequate standards to govern officials with respect to the uniform treatment of applications for permits under the ordinance. Summerell v. Phillips, supra.
*435 In Summerell, a parish ordinance provided that no mobile home park could be established in certain districts unless an amendment was adopted to the ordinance which created a "T Trailer Park or Mobile Home District." The amendment was to be considered in the manner provided in R.S. 33:4724-4725 and in the zoning ordinance. This court found that no objective standards existed for the creation of T districts. Thus, an applicant had no way of ascertaining what he must do in order to have his property zoned for a trailer court. The ordinance was declared unconstitutional because it vested unfettered discretion in the council to grant or deny applications.
This court followed Summerell in Tiber Petroleum, Inc. v. Parish of Jefferson, 391 So.2d 1178 (La.1980), in which another provision of the Jefferson Parish zoning ordinance was invalidated. The property in dispute was zoned M-2, heavy industrial. Permitted uses in this district included petroleum refining "Provided an ordinance of no objection is approved by the Jefferson Parish Council." The council refused to issue an ordinance for the construction of a crude oil processing unit and suit ensued. The ordinance was held unconstitutional because it:
"... provides an exception for a particular category of heavy industry for no apparent reason. It is devoid of any guidelines for its application. No policy is stated in the enactment. The Council did not even indicate a minimal standard: that an ordinance of no objection would be approved if the proposed use did not present a hazard to the public. In the absence of any criteria for one petroleum facility to be approved and another disapproved, the ordinance is unconstitutional...." Tiber Petroleum, Inc. v. Parish of Jefferson, supra at 1180.
The only distinction between the wording of the ordinance before us and the defective provisions struck down in Tiber and Summerell is the inclusion of general criteria on which approval is contingent. The ordinance merely states that a permit will be given "when the Council is satisfied that granting approval will not seriously affect any adjoining property or the general welfare." This language is insufficient to remove the decision of whether to grant or deny applications from the council's unbridled discretion. In Gaudet v. Economical Super Market, Inc., supra, an ordinance containing language very similar to the language in this enactment was invalidated.[4] There the court said:
"... the matter of granting or denying a permit addresses itself solely to the subjective opinions of the council members, and the administration of the ordinance is left entirely to the unbridled or ungoverned discretion of those officials." Gaudet v. Economical Super Market, Inc., 237 La. at 1091, 112 So.2d at 723.
Likewise, no objective guidelines exist in this ordinance to prevent council members from making a decision on the basis of whim or caprice. Thus, the enactment must be declared invalid.
By peremptory exception filed in this court, defendant contends that the Mortons have no right or cause of action to contest denial of the permit application because a restriction in their title limits use of the property to "Strictly residential property, no business establishments." In support of their argument, the council attached two exhibits to the exception, the act of sale from Mr. and Mrs. Louis Perrodin, Jr. to the Mortons and an act of sale from Mr. and Mrs. Evans Folse to the Perrodins in 1964. The earlier act contained the restriction above; the act by which the plaintiffs acquired the property was made subject to that restriction.
*436 Proof of the basis for the exception must appear from the record. C.C.P. 2163; Capital Bank & Trust Co. v. Lacey, 393 So.2d 668, 670 (La.1981). This court will not receive evidence in the absence of stipulation. The documents offered here were matters of public record of which defendant must have been aware when pleadings were filed and trial had in the district court. No actions of the plaintiffs prevented defendant from raising and litigating the issue which it now raises. The defendant parish has clearly waived any right it might have had to inject this issue. We will not remand the case to permit further litigation, nor could we, with any confidence in the decision, decide the case on those instruments alone.
Mandamus is an appropriate procedural device to compel approval by a governing authority of a permit application that was wrongfully denied. Further, the last amended petition prayed for a declaratory judgment. To the extent that the decree of the court of appeal was technically incorrect in ordering issuance of the permit (that being a function of the Department of Inspection and Code Enforcement), the decree is amended to order approval of plaintiff's application. In all other respects, the judgment of the court of appeal is affirmed at defendant's costs.
LEMMON, J., concurs and assigns reasons.
DENNIS, J., dissents with reasons.
LEMMON, Justice, concurring.
While I am not convinced that the zoning ordinance is unconstitutional for failure to state objective guidelines for issuance or denial of special permits, I concur in the result reached by the majority. The Jefferson Parish Council acted arbitrarily and capriciously in denying the permit under the facts of this case.
DENNIS, Justice, dissenting.
I respectfully dissent from the unduly narrow view of permissible zoning regulations adopted by the majority opinion. As noted by the majority, local governing authorities have been vested with broad powers to regulate municipal development under the Louisiana constitution and statutes. However, this broad grant is tempered by the express statutory purpose, R.S. 33:4723, and the possibility of "judicial review on the grounds of abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of a right to due process...." R.S. 33:4721 Further protection against the abuse of discretion lies in a guaranteed hearing and the standards enumerated in the ordinance.
Zoning ordinances are only designed to prescribe general standards to guide the local planning council in the exercise of its power. Such ordinances cannot specifically delineate the galaxy of potential adverse uses of property within an area. Arming the local council with the authority to determine facts or conditions upon which its actions will depend should not render a zoning ordinance unconstitutional. See Yokley, Zoning Law and Practice, § 7-21 (4th ed. 1978). The requirement that the proposed use "not seriously affect any adjoining property or the general welfare," as determined by a public hearing and subject to judicial review, offers sufficient protection against the imagined abuses which were absent here.
NOTES
[1] Plaintiffs opened the day care center without first obtaining a permit as required by the Comprehensive Zoning Ordinance for Jefferson Parish. (The premises had been inspected and approved by the health and fire departments). A parish safety department inspector notified the Mortons that they were in violation of the ordinance. Suit was then instituted by the Mortons seeking issuance of a permit. An exception of prematurity was sustained by the trial court on the ground that the Mortons had not applied for a permit; the court instructed the council to accept the application when made.

It appears that the Mortons had not filed a formal application because they were informed by a parish employee that an application would not be accepted due to neighborhood opposition to the nursery school. This statement was probably based on Resolution # 30949 adopted in 1977 which amended a prior resolution to the effect that no application would be put "in summary" (placed on the council's agenda) if there was opposition from owners of property within 300 feet of the applicant's property. The purpose of the resolution was "to avoid holding public hearings when it [the council] has no intention of approving such application." In the earlier suit, the trial court ruled that this provision was an unconstitutional delegation of legislative power.
[2] Only the first page of the recommendation was introduced into evidence. According to defense counsel, the remainder of the report consists of a map of the neighborhood, a petition signed by twenty-four opposing landowners and the testimony of six witnesses for the Mortons. An objection by parish counsel to introduction of this transcript due to his inability to cross-examine the witnesses was sustained by the trial court and that portion of the report excluded from the record.
[3] Article 14, § 29(a) of the Louisiana Constitution of 1921 empowered Jefferson Parish "to zone its territory; to create residential, commercial and industrial districts, and to prohibit the establishment of places of business in residential districts." Zoning authority is granted to all local governmental subdivisions under the 1974 Constitution. Art. 6, § 17 La.Const. (1974). This grant is implemented in R.S. 33:4721 et seq.
[4] The section read in part that a permit for parking facilities on residentially zoned property would be granted if:

"`... the City Council has been satisfied that such a land use will not have an unduly detrimental effect upon the character of the neighborhood, traffic conditions, public utility facilities or other matters pertaining to the public health, public safety or general welfare, Gaudet v. Economical Super Market, Inc., 237 La. at 1091, 112 So.2d at 722.