498 So.2d 115 (1986)
James D. KISER and Donald E. Strain
v.
PARISH OF JEFFERSON.
No. 86-CA-259.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
Writ Denied January 23, 1987.
*116 John F. Weeks, II and T. Allen Usry, Usry & Weeks, Metairie, for plaintiffs-appellants.
H.A. Vondenstein, Parish Atty., and David L. Colvin, Asst. Parish Atty., Gretna, for defendant-appellee.
Before CHEHARDY and KLIEBERT, JJ., and NACCARI, J. Pro Tem.
KLIEBERT, Judge.
This is a zoning dispute in which James D. Kiser and Donald E. Strain, plaintiffs, sought a mandatory injunction (ultimately construed by the District Court as a writ of mandamus) compelling the Jefferson Parish Council, defendant, to approve (via enactment of an ordinance) a permit application authorizing plaintiffs to utilize a lot zoned R-1 as an additional parking area for a professional office building on an adjoining property zoned R-3. Barring injunctive relief, plaintiffs requested damages equal to the purchase price of the R-1 lot on the theory it was removed from commerce by the zoning classification. From a judgment of the district court in favor of the defendant and dismissing the plaintiffs' demands, the plaintiffs have appealed. For the reasons which follow, we reverse the trial court and mandate the Parish to approve the applied-for use of the property.
On June 15, 1984 plaintiffs' rule for a preliminary injunction was taken up, tried and submitted. Plaintiffs called Planning Advisory Board member Charles R. Miller, Planning Director Hugh Ford, and a planning consultant, Franklin Rodriguez, as witnesses, and introduced into evidence the deposition of Councilman Robert L. De Viney, Jr., aerial photographs of the site at issue, diagrams of other parking permit requests, copies of minutes of the Zoning Appeal Board dated April 13, 1981, and a planning report prepared by F.R. Rodriguez & Associates, City Planning Consultants.
Additionally, the litigants stipulated the following pertinent facts: The plaintiffs are the owners of Lot 4-A2, Tolmas Tract, Metairie, classified under the comprehensive *117 ordinance of Jefferson Parish as R-1, and of Lots 12 through 25, inclusive of Square 47, Harlem Parkway Subdivision, classified as R-3. The R-3 classification permitted the construction of an office building and one was constructed by plaintiffs on the adjacent Harlem Parkway lots, and the Parish Planning Department approved the use of Lot 4-A2 for additional parking for the office building; however, on application the Parish Council denied such parking use for Lot 4-A2.
Following the filing of exceptions and their maintenance plaintiffs amended their original petition, to which an exception of unauthorized and/or improper use of summary process and an exception of no cause of action was filed. No further action was taken until July 13, 1985 when the following joint stipulation was entered into the record:
"1. If all Councilmen properly elected to the Jefferson Parish Council as of the date of the occurrence of the facts set forth in the original petition were called to testify in this matter, their testimony would be the same as the testimony of Councilman Robert L. DeViney, Jr., which testimony has already been properly placed into evidence through the submission into evidence of his deposition taken on June 13, 1984.
2. That the purchase price of the property described as Lot 4A-2 Tolmas Tract, Metairie, Louisiana, Parish of Jefferson, and more particularly described in the original petition as the `Subject Property' was $47,000.00. The Subject Property was acquired by Plaintiffs, for cash, on June 3, 1982.
3. That the exception of unauthorized and/or improper use of summary process is withdrawn and the exception of no cause of action should be referred to the merits.
4. That the parties hereto desire that the case be fixed for oral argument on the merits and issues raised by the original and supplemental and amending petitions filed herein, including the issues relating to the constitutionality of the actions of the Parish Council taken in this case pursuant to said provision; and the alternative claim for damages."
Following oral argument, the trial court rendered judgment overruling the defendant's exception of no cause of action but nevertheless dismissing plaintiffs' petition on the merits at their cost. From that judgment plaintiffs appeal and assign as their major specifications of error the following:
"1. The Trial Court erred in finding that Section XX, Paragraph 9, Subparagraph 10 of the Comprehensive Zoning Ordinance of the Parish of Jefferson is constitutional.
2. The Trial Court erred in finding that the denial of plaintiffs' application to use the subject property as parking under its R-1 classification in conjunction with the use of the adjoining property in its R-3 classification was reasonable and legal."
The plaintiffs' assignments of error center on the construction placed on Section XX, Paragraph 9 of the Jefferson Parish Zoning Ordinance which provides for the permitted use applied for by plaintiffs and which reads as follows:
"SECTION XX  EXCEPTIONS AND MODIFICATIONS
1. GENERAL:
The regulations herein set forth in the article qualify or supplement as the case may be the district regulations appearing elsewhere in this Ordinance.
* * * * * *
2. EXCEPTIONS TO PARKING REGULATIONS TO READ AS FOLLOWS:
A. Where the zoning district boundary line of a district abuts the side zoning district boundary line of any other zoning district, the property within one hundred fifty (150) feet next siding on the industrial, office warehouse, commercial, general office, medical, residential and condominium district may be used only for off-street parking in connection with the adjoining use and not for storage of any type *118 such as vehicles, dumpsters or trailers, subject to the following conditions:
1. This provision will not apply when the districts are on opposite sides of the street, where the property to be used for off-street parking has frontage on two streets, or when the industrial, office warehouse, commercial, general office, medical, multiple family residential or condominium districts abut the rear lot line of the property to be used for off-street parking.
2. The off-street parking shall serve only the establishments adjoining such parking area and shall be limited to the parking of passenger vehicles, trucks and vans of no more than 3/4 ton capacity.
3. That the frontage of the property to be used for off-street parking must face a street which also provides frontage to the property it serves. Access to the property to be used for off-street parking will be provided only through the industrial, office-warehouse, commercial, general office, medical, multiple family residential or condominium zoned property.
4. That the depth and width of the property to be used for off-street parking cannot exceed one hundred fifty (150) feet or the depth and width of the property the off-street parking will serve.
5. That along the boundary lines of the parking area abutting a residential zoning district, there shall be established and maintained planting area having a minimum width of four (4) feet. The planting shall be dense, not less than seven (7) feet in height and shall be maintained in a healthy growing condition.
6. Lighting facilities when provided shall be designed that light is reflected away from residential properties.
7. All parking areas shall be surfaced with concrete or bituminous materials and shall be maintained in a dust free condition.
8. All above requirements must remain in effect in perpetuity with the uses for which the parking area is required in accordance with Section XVIII, Sub-Section 1A.
9. The Director of Inspection and Code Enforcement certifies that all above requirements are satisfactorily contained on a plan submitted by the applicant.
10. That such parking areas are approved by the Jefferson Parish Council and that the Planning Department and the Planning Advisory Board hold public hearings and make recommendations to the Council and that all property owners within one hundred (100) feet on both sides of the street of said location are notified by certified mail and the entire area is posted calling attention to the public hearing for this purpose."
During the trial court hearings and in their initial brief and oral arguments here plaintiffs pointed to Subparagraph 10 above and argued it is unconstitutional in that it vests in the Council the unfettered discretion to grant or deny the permit application.
In support of their argument of unconstitutionality, plaintiffs cite Morton v. Jefferson Parish Council, 419 So.2d 431 (La. 1982) and the prior Supreme Court cases cited therein; i.e., Summerell v. Phillips, 282 So.2d 450 (La.1973); Tiber Petroleum, Inc. v. Parish of Jefferson, 391 So.2d 1178 (La.1980), and Gaudet v. Economical Super Market, Inc., 237 La. 1082, 112 So.2d 720 (1959).
According to Morton, supra, and the cases cited therein, to meet constitutional requirements "a zoning ordinance must be sufficiently definite to notify citizens of their rights pursuant to the ordinance and must establish adequate standards to govern officials with respect to the uniform treatment of applications for permits under the ordinance." Thus, since zoning ordinances are in derogation of the constitutionally guaranteed rights flowing from the concept of private ownership of *119 property, an ordinance which contains no standard criteria for the uniform exercise of the power to grant or deny applications for special permitted uses is unconstitutional.
In rejecting the plaintiffs' arguments as to the unconstitutionality of Subparagraph 10 in this case, the trial judge considered Subparagraph 10 along with Section 3 of Act 537 of 1954, the enabling act, and Section XXVI of the Zoning Ordinances. He concluded these provisions provided specific criteria which moved the decision of granting or not granting the special use from the unbridled discretion of the Council. We do not agree that Section 3 of the enabling act imposes a specific criteria for approval or disapproval of the applied-for use so as to meet the constitutional requirements.
However, we note that Section XX-A1 of the Jefferson Parish Comprehensive Zoning Ordinance, enacted as Ordinance No. 15524 on May 4, 1983 and effective ten days thereafter, provides as follows:
"SPECIAL PERMITTED USES:
1. APPLICATION, PROCEDURE, NOTICE:
Applications for the special permitted uses as provided in the Comprehensive Zoning Ordinance, may be filed by any interested party with the Council, through the Planning Department.
The application procedure, form, fee, public hearing and notice shall be the same as provided for in Section XXVIII.
In addition the Planning Department shall notify all property owners within three hundred (300) feet fronting on both sides of the street by certified mail calling the attention of the public hearing for this purpose.
2. GENERAL CRITERIA:
In deliberating on any application, the Council shall not grant approval of any special use unless it makes findings based upon the evidence presented to it that each case shall indicate all of the following:
A. The permit, if granted, will not cause any diminution or depreciation of property values of any surrounding property or will not alter the essential character of the locality.
B. The Permit, if granted, will tend to preserve and advance the prosperity and general welfare of the neighborhood and community.
C. The granting of the special permitted use will not be detrimental to the public welfare or seriously affect or be injurious to other property or improvements in the neighborhood in which the property is located, in that it will not impair an adequate supply of light and air, or increase substantially the congestion in the public streets, create a traffic hazard, or permit inadequate parking, or increase the danger of fire, or substantially affect or overburden existing drainage or sewerage systems, or endanger the public safety, nor cause serious annoyance or injury to occupants of adjoining premises by reason of emission of odors, fumes, gases, dust, smoke, noise or vibration, light or glare or other nuisances.
3. APPROVAL:
Approval of any special permitted use shall be by passage of an ordinance by the Jefferson Parish Council."
Section XX-A was apparently enacted in an effort to correct the constitutional deficiencies pointed out by the Supreme Court in the Morton case, supra, and was in effect at the time the Council considered the present application. Consequently, we conclude that Subparagraph 10, Paragraph 9 of Section XX of the Comprehensive Zoning Ordinance, when read in conjunction with Section XX-A, does impose a standard criteria for the Council to apply in approving or disapproving the application for the special permitted use. Therefore, as did the trial court, we reject plaintiffs' contentions as to the unconstitutionality of Subparagraph 10 of Paragraph 9 of Section XX.
This brings us to the plaintiffs' second assignment of error, i.e., the Council's action *120 in denying the special permitted use was arbitrary and unreasonable.
As previously stated, Section XX, Paragraph 9, sets forth nine technical requirements for the permitted use. Mr. Charles Miller, a member of the Planning Advisory Board, and Mr. Hugh Ford, the Director of the Jefferson Parish Planning Department, when testifying during the July 15, 1984 hearing, related that the plaintiffs' permit application fulfilled all but the final requirement; i.e., approval by the Council. No opposition was presented during the public hearing on the application before the Planning Advisory Board, and both the Planning Director and the Planning Advisory Board recommended approval of the permit.
Mr. Rodriguez testified that subsequent to the enactment of Section XX, Paragraph 9, Subparagraph 10, four permit applications, including the plaintiffs', were submitted for Council approval. An application under Ordinance No. 15789 met all technical requirements and was approved. Applications under Ordinance No. 15406 and No. 16024 were approved by the Council despite the fact that the properties fronted on two streets and hence did not qualify under Subparagraph 1 of Paragraph 9. Plaintiffs' application under Ordinance No. 12829 was the only one denied.
On review of the record, we cannot say the reasons urged in support of denial of the permit are strong and compelling. To the contrary, having granted the permit in all three of the other similar situations, the failure to grant the permit in the instant case constituted a non-uniform application of the zoning ordinances and therefore was arbitrary and unreasonable.
For the aforementioned reasons, the judgment of the trial court is reversed and set aside and the Jefferson Parish Council is ordered to grant plaintiffs' request to use Lot 4-A2, Tolmas Tract, Metairie, Louisiana, for parking purposes as recommended by the Director of the Jefferson Parish Planning Department and the Jefferson Parish Planning Advisory Board.
All costs of the appeal are to be borne by appellee.
REVERSED AND SET ASIDE.