ON REHEARING
PER CURIAM.
We grant this rehearing for the limited purpose of clarifying our opinion. The City of Kenner filed a petition for rehearing asserting this court erred by incorrectly assigning the burden of proof of the defendant/appellant’s affirmative defense to the City of Kenner. , However, we made no specific holding in that regard: we now address the issue regarding who has the burden of proving the discontinuation of a nonconforming use and the burden of proving a nonconforming use.
*790 In our opinion we relied on the recent Louisiana Supreme Court case of City of New Orleans v. Elms, 566 So.2d 626 (La.1990) for concluding the trial judge erred in granting the permanent injunction enjoining Southeast Equipment from operating its business in a location previously used by South Central Bell Telephone Company and A-1 Asphalt. We continue to rely on City of New Orleans which further held at 634:
The burden of proving termination of nonconforming use status by abandonment or discontinuance is on the party urging termination of the status. R. Anderson [American Law of Zoning Section 6.65 (3d ed. 1986)]; P. Rohan [sic], supra, at Section 41.03(6)(b).
Article XIX, Section 19.03 of the ordinance provides:
No building or portion thereof or land used in whole or in part for nonconforming purposes ... which hereafter becomes and remains vacant for a continuous period of six (6) calendar months shall again be used except in conformity with the regulations of the district in which such building or land is situated.
There is no dispute the property was continuously occupied by the three businesses. Southeast’s burden was to prove a nonconforming use. City of Lafayette v. Black, 336 So.2d 982 (La.App. 3rd Cir.1976), writ denied 339 So.2d 850 (La.1976); the City of Kenner’s burden was to prove discontinuance of the nonconforming use. City of New Orleans, supra. While Southeast met its burden, the City of Kenner did not meet the burden of proving discontinuance.
The issue in the instant case is whether the Light Industrial nonconforming use of South Central Bell and A-1 Asphalt was continued by Southeast. Article XV, Section 15.02(A)(6.1) of the ordinance clearly places South Central Bell within the Light Industrial use. The subjective interpretation of the City of Kenner’s experts is not dispositive: the zoning ordinance governs. Similarly, A-1 Asphalt also enjoyed the Light Industrial use pursuant to Article XV, Section 15.02(A)(1) of the ordinance. The crux of the City of Kenner’s argument' was that Southeast’s use was Light Industrial. We agree. However, the provisions of the zoning ordinance place its predecessors in the same category. To view the testimony of the City of Kenner’s experts and give credence to their interpretations of the ordinance would be tantamount to a determination that the ordinance does not have adequate standards. In Morton v. Jefferson Parish Council, 419 So.2d 431 (La.1982) the Louisiana Supreme Court declared an ordinance with no objective guidelines to be invalid. We continue to hold consistent with our prior opinion, even assuming the constitutional issue was properly before this court, we find no merit to the contention the ordinance is vague, for the reasons stated above.