LWHIPPLE, Judge.
In this appeal, plaintiff, C.H. Jenkins, challenges a zoning decision denying a request for a conditional use permit to construct a family cemetery. For the following reasons, we reverse.
*898 FACTS AND PROCEDURAL HISTORY
On June 15, 1995, plaintiff submitted a conditional use permit application to the St. Tammany Parish Police Jury, requesting permission to construct a-one-acre family cemetery on his property. Plaintiff owns 145 acres of woodland property situated along Louisiana Highway 40. The property is divided by a road into two tracts measuring approximately ninety and fifty acres each.
Plaintiff requested permission to construct the family cemetery on the ninety acre section off Highway 40. The property is zoned R-Rural. The application was advertised, and a hearing was held before the St. Tammany Parish Zoning Commission on August 1, 1995. The record reflects that Mr. E.J. Landry and Mr. Hezzie Parker, who reside near the proposed cemetery, appeared at the hearing to voice their opposition to the location of the proposed cemetery. Mr. Landry complained that the proposed location was 1,000 feet from his house. Mr. Parker added that his property was surrounded by cemeteries. The record" reflects that there are five cemeteries in the immediate vicinity of the proposed cemetery.
The Commission proposed that plaintiff relocate the cemetery to the fifty acre tract off of a secondary road on that property. Plaintiff was not willing to consider any other location. He testified that the site selected was the highest on his property and that he wanted his family cemetery located on a hill.
The Commission voted to recommend the denial of the conditional use permit application, citing the number of cemeteries in the area and plaintiffs refusal to compromise on the location of his family cemetery. Plaintiff appealed to |3the St. Tammany Parish Police Jury, which concurred in the recommendation of the Commission and denied the permit.
Plaintiff challenged the permit denial in the Twenty-Second Judicial District Court, seeking a writ of mandamus ordering the Police Jury to grant approval of the conditional use permit. He alleged that § 3.02 of the St. Tammany Parish Zoning Regulations, which provides for conditional use permits, is unconstitutional. He further alleged that there was insufficient evidence to support the denial of his permit application.
After the presentation of the evidence, the trial court, in written reasons for judgment, found no constitutional infirmity in the challenged ordinance. The trial court also ruled that plaintiff had failed to establish that the Police Jury’s decision was arbitrary, unreasonable or discriminatory. Thus, the trial court rendered judgment in favor of the Police Jury, dismissing plaintiffs claim with prejudice.
From this judgment, plaintiff appeals, again asserting the unconstitutionality of the zoning ordinance. In addition, plaintiff contends that the trial court applied the wrong-standard of review in assessing the propriety of the zoning decision.
DISCUSSION
Regarding plaintiffs first contention, we agree that the trial court erred in failing to find the ordinance in question unconstitutional. Plaintiff challenges § 3.02 of the St. Tammany Parish Land Use Regulation Zoning Ordinance No. 523. This section of the ordinance lists conditions and general standards relative to conditional use permits. Through this ordinance, plaintiff attempted to obtain a special use permit for a one-acre family cemetery on his land. Plaintiff contends that this section of the ordinance fails to contain sufficient objective criteria to govern the decision-making process in whether to grant or deny a permit and fails to establish adequate standards for uniform treatment of permit applications, resulting in “unbridled and uncontrolled discretion left to the Zoning Commission.” LThus, he contends that absent objective and meaningful criteria to be considered by the Zoning Commission, this section of the ordinance is unconstitutional. Plaintiff further contends that even if the ordinance is constitutional on its face, the permit process, in practice, is constitutionally infirm, as the Zoning Commission has adopted a practice whereby any objection by a citizen to an application will result in denial. Thus, as applied herein, the ordinance is unconstitutional.
*899 The authority to enact zoning regulations flows from the police power of governmental bodies and is valid if it bears a rational relation to the health, safety and welfare of the public. Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659, 672 (La.1974) (on rehearing). Zoning ordinances are presumed to be valid, and the party attacking the ordinance bears the burden of proving that it is unconstitutional. Morton v. Jefferson Parish Council, 419 So.2d 431, 434 (La.1982). Special use classifications are entitled to the same standard of review as other zoning enactments. Morton, 419 So.2d at 434.
However, a zoning ordinance which contains no standard for the uniform exercise of the power to grant or deny applications for permits is unconstitutional. Morton, 419 So.2d at 434. To be constitutional, a zoning ordinance (1) must be sufficiently definite to notify citizens of their rights pursuant to the ordinance and (2) must establish adequate standards to govern officials with respect to the uniform treatment of applications for permits under the ordinance. Morton, 419 So.2d at 434.
Section 2.0103 of the ordinance in question provides for various “conditional uses.” The section states that conditional uses may only be granted when application for the use is made and such use is “favorably approved” by the Zoning Commission. One of the conditional uses listed in this section is non-profit/family cemeteries. § 2.0108(1).
15The ordinance at issue lists four conditions pertaining to conditional uses in Section 3.0201(B), as follows:
1. All regulations of the district in which a conditional use is located shall apply to such uses, except where specific differences in requirements of any section of these regulations apply, or where requirements are specifically amended by the conditions under which the conditional use is granted.
2. The Zoning Commission may attach such conditions to the conditional use as are necessary to assure continuous conformance to all applicable standards and requirements.
3. Failure to observe the conditions of the Commission, imposed pursuant to the issuance of the conditional use, shall be deemed to be a violation of these regulations and may be grounds for revocation of the conditional use.
4. The Zoning Commission may approve uses subject to the regulations, and to any additional requirements imposed in the public interest to covér circumstances unique to the selected site including a drainage analysis of the site by an independent engineering firm.
Subsection (C) of Section 3.0201 lists seven general standards pertaining to conditional uses. These provide as follows:
1. The location and size of the use, the nature and intensity of the operation involved in (or conducted in connection with) the use, the size of the site, in relation to the use, and the location of the site with respect to streets giving access to the site shall be such that the use will be in harmony with the land uses in the district in which it is located.
2. Time limit requirement for length of permit use.
3. Hours of operation for use, buffering and/or landscaping above the minimum parish requirement.
4. The location, nature and height of structures, walls and fences, and the nature and extent of landscaping on the site shall be such that the use will not hinder or discourage the development and use of adjacent land and structures.
5. Parking areas shall be of adequate size for the particular use, properly located and suitably screened from adjoining residential uses, and the ingress and egress drives shall be laid out so as to achieve maximum safety.
6; Conditional Uses may be approved on lots of less than the minimum lot size in any zoning district and the Zoning Commission may require alternate standards for landscaping and parking.
167. Conditional uses are not transferable. Once the use has ceased activity, a new *900 permit must be acquired to occupy the site or reactivate the previous use.
While there are conditions and general standards listed in the ordinance, it does not appear that these standards and conditions provide any real standard for the uniform exercise of the power to grant or deny applications for these permits. The ordinance in this case is similar to the ordinance found in Summerell v. Phillips, 282 So.2d 450, 452 (La.1973). The ordinance in Summerell listed eleven minimum construction standards pertaining to permits to build mobile home parks. Although these standards listed specific requirements for the construction of the trailer parks or mobile home parks, they did not provide a standard by which the city/parish council should grant or deny an application for such a permit, which was in effect an application to have property rezoned as a mobile home district (called a T Zone). The Supreme Court held that no applicant could know, by reading the ordinance, what he must do to have' his property established as a mobile home district. Because the ordinance granted the city/parish council the “absolutely free, unfettered and unguided discretion” to grant or deny applications for T Zoning amendments, the ordinance was held to be unconstitutional. Summerell, 282 So.2d at 453.
In the instant case, the conditions listed in Subsection B simply establish that certain regulations will apply to the conditional use permit and that additional conditions may be attached. The conditions listed in this subsection contain no criteria by which the Commission is to determine whether a permit should be granted or denied. The general standards listed in subsection C do provide some considerations which apparently are to be addressed, when applicable. However, these considerations are very general, and do not provide any standard for the uniform exercise of the Commission’s power to grant or deny an application. In|7fact, this subsection does not even require or state that the Commission consider any of these standards in making its decision to grant or deny a permit.
As further support that the ordinance in question does not provide a standard in theory or practice for the uniform exercise of the Commission’s power to grant or deny a permit, it is noteworthy that Pam Parker, the District Five Planning and Zoning Commission representative, in response to a question asking what standards was she aware of that applied to the decision-making process for this Conditional Use permit, testified in her deposition as follows:
Well, I am of the opinion that a conditional use permit is not an outright permitted use. And therefore we are allowed to use discretion and we’re allowed to have an opinion when someone applies for a conditional use permit. That there isn’t anything specific for a conditional use permit.
She further testified that there are no specific standards that govern their decision whether to grant or deny the issuance of a conditional permit. Additionally, Gibb Famish, the Director of Development for the Zoning and Planning Commission and Police Jury, testified that plaintiffs application followed all of the requirements of the zoning code, and the attached map complied with all of the minimum standards contained therein. Thus, if plaintiff met the minimum standards listed in the ordinance, yet the permit was still denied, then the ordinance in fact fails to provide a specific standard for the granting or denial of such applications.
In finding that the ordinance herein provided adequate criteria for the Zoning Commission and the Police Jury to apply in approving or denying an application for Conditional Use, the trial court relied on the case of Kiser v. Parish of Jefferson, 498 So.2d 115 (La.App. 5th Cir.1986), writ denied, 500 So.2d 423 (La.1987), stating that the ordinance in Kiser contained similar criteria to the ordinance in the instant case, which had been held to be sufficient to meet constitutional requirements.
IgSimilar to the ordinance in Summerell, the ordinance in Kiser listed ten conditions applicable to a special use permit for parking lots. These conditions contained specific requirements for such parking lots, but no standard for the grant or denial of a permit. The Fifth Circuit Court of Appeal did not rely upon these conditions in finding the ordinance to be constitutional. Rather, the *901 court noted that another section of the ordinance, which apparently was enacted in an effort to correct the constitutional deficiencies pointed out by the Supreme Court in Morton (which also dealt with a Jefferson Parish ordinance), provided criteria to be used by the council in deliberating on any application for a special permitted use permit. These criteria provided that the council “shall not grant approval of any special use unless it makes findings based upon the evidence presented to it that each case shall indicate all of the following”:
A. The permit, if granted, will not cause any diminution or depreciation of property values of any surrounding property or will not alter the essential, character of the locality.
B. The Permit, if granted, will tend to preserve and advance the prosperity and general welfare of the neighborhood and community.
C. The granting of the special permitted use will not be detrimental to the public welfare or seriously affect or be injurious to other property or improvements in the neighborhood in which the property is located. ...
Thus, the court concluded that when the previous section of the ordinance was read in conjunction with this subsequently enacted section, the ordinance did impose a standard criteria for the council to apply in approving or disapproving the application for a special use permit. The court, therefore, held, the ordinance to be constitutional. Kiser, 498 So.2d at 119.
While the ordinance in the instant ease does list some conditions in subsection (C) to be considered, it does not provide whether upon compliance with these conditions, a permit must or should be granted, or whether the lack of compliance with the relevant conditions mandates denial of a permit. The ^ordinance in Kiser differs significantly from the ordinance in the instant case in that the Kiser ordinance contained specific criteria which had to be met for the grant of a permit.
Thus, we conclude that the trial court erred in its reliance on Kiser in finding that the instant ordinance was constitutional. Because this ordinance is more analogous to that in the case of Smnmerell, we likewise must conclude that it contains no standard for the uniform exercise of the power to grant or deny application for permits and, thus, is unconstitutional.
CONCLUSION
For the above and foregoing reasons, the July 23, 1996 judgment of the trial court is reversed. Judgment is rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the St. Tammany Parish Police Jury grant approval of plaintiffs application, as submitted, for a conditional use permit to construct a family cemetery.
■Costs of this appeal in the amount of $894.00 are assessed against the St. Tammany Parish Police Jury.
REVERSED AND RENDERED.
FITZSIMMONS, J., dissents and assigns reasons.
FOIL, J., dissents. I would affirm the trial judge.