736 So.2d 1287 (1999)
C.H. JENKINS
v.
ST. TAMMANY PARISH POLICE JURY.
No. 98-CA-2627.
Supreme Court of Louisiana.
July 2, 1999.
*1288 Walter P. Reed, District Attorney, Lane Anderson Carson, Carson & Conroy, for Applicant.
William Melvin Magee, Convington, for Respondent.
JOHNSON, Justice.[*]
We granted the St. Tammany Parish Police Jury's application for writ of certiorari to determine whether the court of appeal erred in declaring that its Land Use Regulation Zoning Ordinance No. 523 § 3.02 was unconstitutional and in subsequently ordering the St. Tammany Parish *1289 Police Jury to grant C.H. Jenkins' application for a conditional use permit to construct a family cemetery. After reviewing the record and jurisprudence, we hold that the St. Tammany Parish Police Jury acted unreasonably and arbitrarily in denying C.H. Jenkins' application for a conditional use permit. We also hold that the court of appeal erred in declaring Ordinance No. 523 § 3.02 unconstitutional.

FACTS AND PROCEDURAL HISTORY
C.H. Jenkins (hereinafter "Jenkins") is the owner of a 145-acre tract of wooded property in rural St. Tammany Parish, Louisiana. In June 1995, Jenkins submitted a conditional use application to the St. Tammany Parish Police Jury (hereinafter "Police Jury"), requesting permission to construct a one-acre family cemetery on a portion of his property. The St. Tammany Parish Zoning Commission (hereinafter "Commission") subsequently conducted a hearing on the application. Two local residents appeared at the hearing to voice their opposition to the proposed location of the cemetery. The commission suggested that Jenkins consider relocating the cemetery to another area of the property. Jenkins refused relying on the opinion of Jeron Fitzmorris, an expert in the field of surveying. Fitzmorris recommended the area selected because of its high elevation which would allow for the best drainage. See (R. at 25-30). Following the hearing, the Commission recommended that the conditional use permit be denied. Jenkins appealed the Commission's recommendation to the Police Jury. The Police Jury concurred in the Commission's recommendation and denied Jenkins' application for a conditional use permit.
Jenkins subsequently filed suit in the Twenty-Second Judicial District Court. Jenkins sought a writ of mandamus compelling the Police Jury to approve his conditional use application. Jenkins alleged that St. Tammany Parish Land Use Regulation Zoning Ordinance No. 523 (hereinafter "Ordinance No. 523") was unconstitutional because it did not contain objective guidelines or require uniform treatment of applications for conditional use permits. Jenkins argued in the alternative that the Commission unreasonably and arbitrarily denied his application for a conditional use permit.
Following a hearing, the trial court rendered judgment in favor of the Police Jury and denied Jenkins' petition for writ of mandamus. The trial court found that the challenged ordinance was not unconstitutional because it provided adequate criteria to govern the consideration of an application for a conditional use permit. The trial court also ruled that Jenkins had failed to prove that the Police Jury's decision was arbitrary or unreasonable in light of all the attending circumstances.
Jenkins appealed the trial court's decision to the First Circuit Court of Appeal. The court of appeal reversed the trial court's judgment and declared the zoning ordinance unconstitutional. See Jenkins v. St. Tammany Parish Police Jury, 96-2255 (La. Ct.App. 1 Cir. 5/22/98), 716 So.2d 897. The court of appeal concluded that the challenged ordinance contained no standard for the uniform exercise of the power to grant or deny applications for conditional use permits. The court of appeal found that the zoning regulations in the instant case were similar to the zoning ordinance this court declared unconstitutional in Summerell v. Phillips, 282 So.2d 450 (La. 1973). Accordingly, the court of appeal declared the instant ordinance unconstitutional and ordered the Police Jury to approve Jenkins' application as submitted.
Judge Fitzsimmons dissented from the majority and assigned written reasons. He pointed out that the uses designated in the "conditional use" classification (such as a cemetery in a rural zoning district) are not typically permitted zoning uses, but are recognized as an extension of the regularly permitted uses because of "unusual characteristics or the service they provide the public." For that reason,

*1290 [t]he special nature of the "conditional use" designation, which is dependent on the way in which the surrounding area develops and the needs of the particular neighborhood in which it is to be located, is necessarily contingent upon factors that cannot be generically prescribed for all development within a particular zoning designation. To do so would defeat the very purpose of the specialized "conditional use" category designed to interrelate in the interest of the public with an individual area as it develops. The elements of a "conditional use" designation are distinguished from the mandatory requisites contained within the zoning ordinance. These requisites control designated uses for a particular zoning classification to which the Police Jury is required to strictly adhere. [emphasis in original]
Therefore, Judge Fitzsimmons was of the opinion that the ordinance passed constitutional muster.
The Police Jury then applied to this court for writ of certiorari. We granted the Police Jury's writ application and ordered the matter docketed as an appeal.[1]See Jenkins v. St. Tammany Parish Police Jury, 98-2627 (La.12/11/98), 729 So.2d 585.

DISCUSSION
This court has held that a court should not determine the constitutionality of legislation unless it is essential to the decision of the case or controversy. Rhodes v. State, Through Dep't of Transp. And Dev., 95-1848 (La.5/21/96), 674 So.2d 239, 242. In Rhodes, the trial court rendered judgment in favor of DOTD and against the plaintiffs finding that they failed to meet their burden of proof under La.Rev.Stat. Ann. § 9:2800 (West 1997). The plaintiffs subsequently filed a motion for new trial alleging that La.Rev.Stat. Ann. § 9:2800 was unconstitutional. The trial court denied the motion, stating that the constitutionality of section 9:2800 could be challenged on appeal. On appeal, the first circuit held that the statute was unconstitutional and found that DOTD was liable for the plaintiffs' injuries. This court subsequently vacated the court of appeal's declaration of unconstitutionality and remanded the case stating that the court of appeal should have first determined whether DOTD was negligent before declaring section 9:2800 unconstitutional.
In the case sub judice, the court of appeal by-passed the issue of whether the Commission arbitrarily denied Jenkins' application and declared Ordinance No. 523 § 3.02 unconstitutional. The record contained substantial evidence proving that the Commission's refusal to grant Jenkins' conditional use permit was palpably unreasonable and arbitrary. Consequently, the court of appeal could have decided the case without reaching the issue of whether Ordinance § 3.02 is constitutional.
Having disposed of the constitutional question, we must now address the issue of whether the Commission improperly denied Jenkins' application for conditional use permit. A brief review of zoning law in Louisiana may be beneficial to the comprehension of our analysis.
Zoning is a general plan designed to foster improvement by confining certain classes of buildings and uses of property to certain localities. City of New Orleans v. Hamilton, 602 So.2d 112, 114 (La.App. 4 Cir.1992). The purpose of zoning is to reduce or eliminate the adverse effects that one type of land use might have on another. Id. Article 6, Section 17 of the Louisiana Constitution of 1974 gives local governments broad powers to adopt *1291 regulations for land use, zoning, and historic preservation. It provides:
Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.
La. Const. art. VI, § 17. La.Rev.Stat. Ann. § 33:4780.40 (West Supp.1999) also confers upon parish governments the authority to enact zoning regulations. It states:
For the purpose of promoting the health, safety, morals, or general welfare of the community, the governing authorities of parishes ... or their duly created boards of adjustment are hereby authorized to regulate and restrict the height, number of stories, and size of structures; the percentage of lots that may be occupied; courts and other open spaces; the density of population; and the location and use of the buildings, structures, and land for trade, industry, residence, or other purposes.
In order to exercise these zoning powers, the governing authority of the parish must appoint a zoning commission. La. Rev.Stat. Ann. § 33:4780.45 (West Supp. 1999). The function of the zoning commission is to propose to the legislative body of the parish a set of recommendations concerning the boundaries of zones and the regulations and restrictions to be enforced therein. Id.
Zoning regulations must be uniformly applied within each district or zone of the municipality. La.Rev.Stat. Ann. § 33:4780.41 (West Supp.1999). However, strict adherence to this uniformity requirement would stifle the growth of any area. To accommodate growth and change within the parish, zoning commissions have the power to issue "special use" or "conditional use" permits. These permits allow a landowner to vary from the strict terms of a zoning ordinance. The procedure for issuing special use permits must be sufficiently definite to notify landowners of their right to request such a permit. Summerell v. Phillips, 282 So.2d 450 (La.1973). In addition, the standards for granting a special use permit must ensure equal treatment for all applicants to prevent the commission from exercising their power arbitrarily. Id.
The actions of a zoning commission will not be disturbed on judicial review unless the court finds that they were plainly and palpably unreasonable, arbitrary, an abuse of discretion, or an unreasonable exercise of police power. La.Rev. Stat. Ann. § 4780.40 (West Supp.1999); See also City of New Orleans v. La Nasa, 230 La. 289, 88 So.2d 224 (1956). In Kiser v. Parish of Jefferson, 498 So.2d 115 (La.App. 5 Cir.1986), the fifth circuit held that the Jefferson Parish Council arbitrarily and unreasonably denied Plaintiffs' application for a special use permit because the council had previously issued conditional use permits in three similar situations. The court stated, "having granted the permit in all three of the other similar situations, the failure to grant the permit in the instant case, constituted a non-uniform application of the zoning ordinances and therefore was arbitrary and unreasonable." Kiser, 498 So.2d at 120. The instant case is similar to Kiser in that the Commission has issued at least five (5) other permits to construct private cemeteries in St. Tammany parish between 1986 and 1995. See (Pl.Ex. 15). Applying the reasoning of Kiser to this case, the Commission's denial of Jenkins' special use permit constituted a non-uniform application of Ordinance No. 523 § 3.02 and was therefore unreasonable and arbitrary.
The Commission stated that it denied Jenkins' request for a conditional use permit *1292 because "there were to [sic] many cemeteries in the surrounding area...." (Stipulated Ex. 2). However, the Commission informed Jenkins that it would issue the conditional use permit if he would agree to construct the cemetery on another portion of the same tract. The Commission's willingness to issue the permit if Jenkins agreed to relocate the cemetery contradicts its statement that there are too many cemeteries in the area. If the Commission were truly concerned with the number of cemeteries in the area, it would not have given Jenkins the option to construct the cemetery on another parcel of land.
The Commission also stated that it denied Jenkins' request for a conditional use permit because, "... petitioner would not compromise by relocating his proposed site to his 50 acre parcel." (Stipulated Ex. 2). At oral argument, the Commission argued that Jenkins should relocate the proposed site for his cemetery because funeral processions would disrupt traffic on Highway 40. Additionally, Kerry Harwell, a St. Tammany Police Juror, testified at trial that Jenkins' proposed site was unacceptable because it created unsafe traffic conditions on Highway 40. This argument lacks merit because a private family cemetery would not generate enough activity to disrupt the flow of traffic on Highway 40.

CONCLUSION
We hold that the court of appeal erred in addressing the issue of whether Ordinance No. 523 § 3.02 was unconstitutional when the case could have been decided on a non-constitutional basis. That discussion was premature and is hereby rendered without effect. We also hold that the St. Tammany Parish Commission unreasonably and arbitrarily denied Jenkins' application for a conditional use permit. Therefore, we affirm the court of appeal's order that the St. Tammany Parish Police Jury grant approval of the conditional use permit to Jenkins.
ORDER AFFIRMED.
NOTES
[*] Victory, J., not on panel, See Rule IV, Part 2, § 3.
[1] Since the adoption of the 1974 Constitution, this court has uniformly allowed a right of appeal to this court when a court of appeal has held a statute unconstitutional. See 1 Frank L. Maraist, Harry T. Lemmon, Louisiana Civil Law Treatise, Civil Procedure § 14.2 (1999). See also City of Port Allen v. Louisiana Mun. Risk Management Agency, 423 So.2d 107 (La.App. 1 Cir.1982).