SCHOTT, Judge.
This is a suit for a preliminary and a permanent injunction against defendant from violating plaintiff’s comprehensive zoning ordinance. Plaintiff alleged that the property was zoned RR-1, single family residential, and that defendant placed two temporary portable buildings on the property and was utilizing the buildings for classroom purposes in violation of the ordinance. The trial judge refused to grant a preliminary injunction because he found that plaintiff would suffer no immediate or irrevocable harm at that time, but in his reasons for that judgment he found that the zoning ordinance was being violated. Thereafter, the parties stipulated that the evidence taken on the trial for the rule for the preliminary injunction would be used in evidence on the trial of the permanent injunction, and the court subsequently granted a permanent injunction against the defendant from maintaining and using the temporary portable buildings on the premises. From that judgment defendant has appealed.
The problem of the temporary buildings began in August, 1975, when the Council of the City of Kenner adopted the following resolution:
“NOW, THEREFORE, BE IT RESOLVED BY THE CITY OF KENNER COUNCIL:
SECTION I. That Kenner Academy be granted a permit to operate temporary classrooms in two temporary portable buildings pending the construction of permanent facilities for a period not to exceed twelve months from the passing of this resolution. That the additional classroom facilities are necessary to accommodate an enlarged student body which has increased from one hundred and twenty students to approximately one hundred and eighty students as of September 2, 1975.”
Thereafter, the Department of Planning received an application for a permit for the placement of the temporary buildings and the permit was issued with the admonition that the two temporary buildings were to be replaced by permanent buildings within a year after the action taken by the Council. This admonition was repeated in November, 1975, when the Planning Department pointed out to defendant that it had not been contacted concerning any plans for permanent buildings on the premises. In October, 1976, the plaintiff’s director of the Department of Public Works advised defendant that a violation notice would be issued to it unless defendant took an appeal to the Zoning and Appeals Board of the City. On October 8, 1976, the Department of Regulatory Inspection of the City issued a notice to defendant to cease activities in the temporary buildings. On December 1, 1976, the Kenner Board of Zoning Adjustments held a hearing on defendant’s application to continue to use the temporary buildings, and at the conclusion of the hearing this Board decided “that these buildings are temporary and not permanent.”
This record is somewhat confused because of testimony concerning the building code of the City of Kenner in the context of a suit for an injunction which is based specifically on alleged violations of the zoning ordinance. By reference to that zoning ordinance, there is no definition of “temporary, portable buildings” and the testimony of plaintiff’s witnesses was to the effect that their action was based on their interpretation of Section 20.04 A. of the Supplementary Use Regulations of the Zoning Ordinance, which provides as follows:
*199 “Temporary buildings used in conjunction with construction work only may be permitted in any district during the period the construction work is in progress, but such temporary buildings shall be removed upon completion of the construction work.”
We are unable to construe this section to have any application to the buildings which are the subject of this suit. The trial judge observed in his reasons for judgment that he was laboring under a handicap in trying to visualize the buildings in dispute when he made the following observation:
“While the court has not seen the portable buildings, or even photographs of them, it does seem apparent that they are temporary according to the zoning ordinance, and that the December 1, 1975, decision of the Board of Zoning Adjustments was proper . . . ”
We, too, are at a disadvantage in trying to visualize the buildings, but from the testimony it seems that they were brought to the site on wheels which were attached to the buildings by means of some suspension system including springs. Thereafter, the wheels and springs were removed and the buildings were placed on the ground to be used as classrooms.
As we read the ordinance on which plaintiff relies we fail to identify these modular portable classrooms as the kind of temporary buildings spoken of in Section 20.04 A. This section speaks of “temporary buildings used in conjunction with construction work only.” It appears to us that the word “only” modifies construction work and, therefore, the definition applies to the construction shack which is typically put on a project during the construction phase as a field office and is usually removed when construction is completed. This definition surely does not extend to buildings which were portable in the sense that they were wheeled to defendant’s premises but were then rendered permanent by the removal of those wheels and suspension above the wheels.
When Paul J. Mouton, an architect, was asked whether these buildings were permanent or portable he gave the following answer:
“Well the buildings as they are located now are situated in such a way, of course, we are getting into semantics, I think this is the whole problem. What is permanent and what is temporary. The buildings are usable. I went through them, measured them up and looked at them and determined according to the Codes that I could verify what had to be done in order to conform to the Codes to make it a permanent building. The requirement was that it should be on a solid type foundation which was relatively a simple thing to do. I drew up a design for a foundation and it ' should be strapped down so as to conform to the wind limitation within the area for a building of that height. The building itself is of the type of construction which does conform as best as I could determine to that of a permanent type building. There are studs within the walls placed within the requirements of the Code as far as a permanent type building. The only requirement that I could see was that the walls, I am drawing now from memory, but the walls had to have a half inch of plywood or a half inch of sheet-rock on the interior walls in order to conform to a permanent building and the only thing I could see there that there was a quarter of an inch. Well this could be taken care of very simply as far as making it conform to that specification. As far as conforming to the permit — now as far as whether it is a permanent or temporary building, I think this is a question which is almost nebulous because the only permanent buildings we have so far have been the pyramids. Other than that everything else has been temporary so where do you draw the line between a permanent and á temporary building. I am here to look at a building which is being used as a school. This building can be usable for another at least fifteen years. So therefore I would consider it a permanent type structure. I think that certain things are to be done as I pointed *200 out to Mr. Blache in order to make a better, more stable building. That is to put it on a finer foundation and strap it down the way it should be so that it would conform to the wind-load specifications.”
We believe that this best demonstrates the fallacy of the position taken by plaintiff and the conclusion reached by the trial judge. It becomes a matter of opinion as to whether these portable classrooms are temporary or permanent.
Interesting testimony was elicited on cross examination of the officials of the City who were charged with the administration of the zoning ordinance. They insisted that the buildings, were portable and temporary because they once had wheels and presumably could have their wheels reinstalled. At the same time they had no difficulty in concluding that a building was not portable and temporary even though it could be transported by truck to a site and presumably moved away in the same manner.
Plaintiff’s suit is based entirely on its ordinance. There is no definition in that ordinance which defines temporary portable buildings, and the designation of defendant’s buildings as such is the result of unsupported opinion on which reasonable people may differ. Furthermore, there is no prohibition in the ordinance against the use of temporary portable buildings in an RR-1 or any other district. The only prohibition to which plaintiff points, Section 20.04 A., has no application.
Zoning ordinances are in derogation of the rights of private ownership by restricting the use of property and they must be strictly construed. Henderson v. Zoning Appeals Bd. of Jefferson Parish, 328 So.2d 175 (La.App. 4th Cir. 1975) writ refused, 331 So.2d 474, State Ex Rel Time Saver Stores v. Board of Zon. Adj., 261 So.2d 273 (La.App. 4th Cir. 1972) writs refused 262 La. 311, 263 So.2d 47. In other words, the owner of property is free to erect or place thereon any type of building he chooses in the absence of a specific and clear prohibition in the ordinance. No such prohibition was proved in this case or even pleaded.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendant, Kenner Academy, against plaintiff, City of Kenner, dismissing its suit at its cost.
REVERSED AND RENDERED.