GULOTTA, Judge.
Defendants appeal from a summary judgment granting a permanent injunction prohibiting the nonconforming use of a four-plex in a zoned two-family dwelling area. We affirm.
In the building owned by defendants, two of the four apartments had been vacant in excess of a six month period, and plaintiffs sought an injunction to prevent defendants from continuing the nonconforming use of the building.
Defendants argue that the trial judge, in granting the injunction, erroneously relied on Pallet v. City of New Orleans, Dept. of Safety, 433 So.2d 1091 (La.App. 4th Cir. 1983), writ denied 440 So.2d 757 (La.1983), which defendants maintain misconstrued State Ex Rel Time Saver Stores v. Board of Zoning Adj., 261 So.2d 273 (La.App. 4th Cir.1972), writ refused 262 La. 311, 263 So.2d 47 (La.1972), a case in which this court interpreted Art. 12 § 2 of the Comprehensive Zoning Ordinance of the City of New Orleans. According to defendant, Time Saver stands for the proposition that a nonconforming building must be wholly vacant before it loses its nonconforming status, but the Pailet court erroneously concluded that the nonconforming use of a building is lost when the nonconforming part is vacant and the limited use of the other portions is conforming.
The pertinent section of the Comprehensive Zoning Ordinance of the City of New Orleans, Ordinance No. 4264 M.C.S. Art. 12 § 2 provides:
“No building or portion thereof or land used in whole or in part for nonconforming purposes according to the provisions of this Ordinance, which hereafter becomes and remains vacant for a continuous period of 6 calendar months shall again be used except in conformity with the regulations of the district in which such building or land is situated. Neither the intention of the owner nor that of anybody else to use a building or lot or part of either for any nonconforming use, nor the fact that said building or lot or part of either may have been used by a makeshift or pretended nonconforming use shall be taken into consideration in interpreting and construing the word “vacant” as used in this section_”
In Time Saver, a building containing two commercial units on the ground floor and three apartments on the second floor enjoyed a nonconforming use in a single family dwelling area. One commercial unit and one residential unit had been vacated for six months, precipitating a suit to prevent nonconforming continued use of the property. We held, in that case, that when “a building is ‘used in whole’ for separate nonconforming uses”, and a portion becomes vacant for six months while the oth *157 er units are continued in nonconforming use, “the vacant portion does not lose its nonconforming status under the ordinance.”
We do not interpret our holding in Time Saver to mean that a building must be wholly vacant for six months before losing its nonconforming status. We cannot say that the Pailet panel misinterpreted Time Saver when it concluded that a nonconforming use is lost where the non-vacant portions are used in a conforming manner.
In Pailet, a five-family dwelling located in a two-family dwelling area was purchased and intended for use as a four-family dwelling. At the time of purchase, four of the apartments were vacant and there was a dispute as to whether the remaining apartment had been vacant. We concluded that “when a house has been used in a nonconforming manner and has acquired a nonconforming status, that status may be lost if the premises are used only in a conforming manner for six months or more, and the nonconforming status may not be re-established.” In Pail-et we held that the property had lost its non-conforming status.
Considering the facts in the instant case, we conclude that the Pailet holding applies. In our case, two of the four apartments were vacant in excess of six monthh and two were not vacant. Because the two occupied units were conforming to the two-family zoned area, the property lost its nonconforming status. Accordingly, we find no error in the ruling of the trial judge granting the injunction.
Defendants further claim that the ordinance creates an irrebuttable presumption which provides for the loss of a nonconforming use merely by the passage of time, without regard to the circumstances surrounding the vacancy. Defendants point out that despite the property owner’s desire not to abandon the property, economic conditions might very well prevail whereby, despite the owner’s effort to rent the vacant property, the property remains vacant in excess of six months. According to defendants, this irrebuttable presumption, without regard to intent, constitutes a denial of due process. We reject this contention.
Although it is true that Art. 12 § 2 of the Comprehensive Zoning Ordinance provides that mere vacancy in excess of six months without regard to the owner’s intent can cause the loss of a nonconforming use, our courts have inferentially interpreted the ordinance as not denying due process or being unconstitutionally vague. See Time Saver, supra, and Fuller v. City of New Orleans, Dept. of Safety & Permits, 311 So.2d 466 (La.App. 4th Cir.1975).
Having so concluded, based on our holding in the Pailet case, we affirm the judgment of the trial court.
AFFIRMED.
REDMANN, C.J., and CIACCIO, J., dissent with reasons to follow.