REDMANN, Chief Judge,
dissenting.
The majority reaches the result that an ideal zoning ordinance would doubtless reach if constitutionally permissible. Pre-termitting the constitutional arguments, the question is whether the New Orleans zoning ordinance reaches that result: whether its art. 12 § 2 (set forth in the majority opinion) extinguishes defendants’ legal nonconforming use of their four-apartment building, by reason of six months’ nonuse of two portions thereof. The answer is that the New Orleans ordinance does not purport to do so.
This writer agrees with Judge Ciaccio that the section of the ordinance at issue is correctly interpreted by State ex rel. Time Saver Stores v. Board of Zoning Adjustments, 261 So.2d 273 (La.App. 4 Cir.1972), cert. denied 262 La. 311, 263 So.2d 47, and misinterpreted by the alternative ratio of Pailet v. City of New Orleans, 433 So.2d 1091 (La.App. 4 Cir.1983), cert. denied 440 So.2d 757 (La.1983). The writer sets forth fuller reasoning because of having concurred in Pailet on grounds he now deems wrong.
Time Saver, describing as “inadequate and inexplicit” the provision at issue, 261 *158 So.2d at 275, reasons that that provision purports to apply to only two situations:
“First and most obvious, when a ‘building * * * used in whole * * * for nonconforming purposes * * * becomes and remains vacant’ for a continuous period of six months, the ‘building’ cannot thereafter be used except in conformity with the zoning regulations.
“Second, when a ‘building * * * used in part * * * for nonconforming purposes * * * becomes and remains vacant’ for the prescribed period, then the ‘portion thereof’ can thereafter be used only in conformity with the zoning regulations.” 261 So.2d at 276.
Pallet was a case of vacancy of the whole building for over six months. Pallet was therefore not controlled by Time Saver but also does not control this case, by its facts or by its primary reasoning:
“We reverse the judgment of the Trial Court because we find that the property was ‘vacant!.... A building does not have to be unoccupied in the sense that it is abandoned to be considered ‘vacant’ within the meaning of the zoning ordinance.” 433 So.2d at 1093.
Pallet has relevance because the Pallet majority added an alternative ratio:
“Moreover, even if we agreed ... that Mrs. Ponder’s apartment had not been ‘vacant’, the Trial Court erred in holding that the occupancy of one apartment can preserve the status of nonconforming use for the entire house_ [Preservation of the nonconforming status requires a continuing nonconforming use that is not interrupted for more than six months. A continuing conforming use is not sufficient to preserve a nonconforming status, and after 1978, Mrs. Ponder’s occupancy, if any, was only a conforming use as a single family dwelling.” Id.
Pallet’s alternative ratio is wrong (as was this writer’s then concurrence on that basis) not because Time Saver controlled (it did not) but because the New Orleans ordinance controls, and the Time Saver analysis of that ordinance is correct although partly obiter dictum. (Pailet’s holding on vacancy is in no way inconsistent with Time Saver’s analysis.)
Expanding on Time Saver’s analysis, one may hypothesize, as an example of a building used in part for nonconforming purposes, an apartment building one part of which is used for commercial purposes while all other parts (not nonconforming as to number) are used as residences, in a multi-family residential district. In such a case, no apartment used as a residence is nonconforming, and the continuing use of the residence portions would not preserve the nonconforming commercial use of the one portion of the building that had a nonconforming use.
On the other hand, one may hypothesize, as an example of a building used in whole for nonconforming purposes, a four-apartment (or 40-apartment) building wholly used as residences, in a two-family residential district. The ordinance gives no means to identify some two apartments as conforming uses and the rest as nonconforming. If some individual apartment stays vacant for more than six months, the owner would have no occasion to argue that the vacant apartment was a conforming one rather than a nonconforming one, because the ordinance does not in any case prohibit further use of that apartment as a separate living unit. In accordance with Time Saver’s logical analysis, the whole building is used for nonconforming purposes, rather than each individual apartment save some unidentified two. The legal nonconforming use of the whole building is terminated by the New Orleans ordinance only when the whole building remains vacant for over six months.
As Time Saver points out, the “portion thereof” provision of the New Orleans ordinance does not purport to be applicable piecemeal to each portion of an entire nonconforming building. The ordinance does not purport to eliminate each apartment of a nonconforming apartment building as each might stay vacant over six months— whether for needed repairs and redecorating or for cause beyond the owner’s control, such as today’s high unemployment rate.
*159 Defendants’ building was used in whole for nonconforming purposes and enjoyed a legal nonconforming use status. The New Orleans zoning ordinance therefore does not extinguish its legal nonconforming use because, notwithstanding that some “portion thereof” remained vacant over six months, the whole building has not remained vacant over six months.
The judgment appealed from should be reversed.