513 So.2d 1155 (1987)
Charles F. LOZES, Charles B. Johnson and J. William Vaudry, Jr.
v.
Mr. and Mrs. J. Aubrey WATERSON.
No. 87-C-0861.
Supreme Court of Louisiana.
October 19, 1987.
Thomas A. Casey, Basile J. Uddo, New Orleans, for applicant.
Charles Lozes, Terriberry, Carroll & Yancey, Charles Johnson, Coleman, Dutrey & Thomson, J. William Vaudry, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for respondent.
DIXON, Chief Justice.
This case involves the question of whether or not the defendants-lessors will be permitted to continue the nonconforming use of the four-plex apartment building they own at 7011 Jeannette Street in the City of New Orleans.
The trial court granted the plaintiffs' motion for summary judgment and ordered a permanent injunction prohibiting defendants from continuing to lease two of the apartments in the four-plex. The court of appeal affirmed. Lozes v. Waterson, 503 So.2d 155 (La.App. 4th Cir.1987). We reverse, finding the defendants did not lose their right to nonconforming use status under the New Orleans zoning ordinance.
The defendants, Mr. and Mrs. J. Aubrey Waterson,[1] own a four-plex apartment in *1156 an area of the city zoned for two-family dwellings. The Comprehensive Zoning Ordinance for City of New Orleans, Ordinance 4264, Art. 12, § 2, limits use of buildings located within a district zoned RD-2 for two families to a maximum of two families unless the use is otherwise permitted as a nonconforming use under the ordinance. Status as a nonconforming use is lost under the ordinance if it becomes and remains vacant for six consecutive months. The pertinent portion of the ordinance (Art. 12, § 2) reads as follows:
"No building or portion thereof or land used in whole or in part for non-conforming purposes according to the provisions of this Ordinance, which hereafter becomes and remains vacant for a continuous period of 6 calendar months shall again be used except in conformity with the regulations of the district in which such building or land is situated. Neither the intention of the owner nor that of anybody else to use a building or lot or part of either for any nonconforming use, nor the fact that said building or lot or part of either may have been used by a makeshift or pretended non-conforming use shall be taken into consideration in interpreting and construing the word `vacant' as used in this section; ..."
Two of the apartments in the four-plex, Apartment C (the upstairs, upriver apartment) and Apartment D (the downstairs, downriver apartment), were vacant from July, 1979 until March 15, 1980 when they were relet. During October, November and December, 1979 while the apartments were vacant, they were repainted, repaired and refurbished and were advertised for rent during October and November.
The plaintiffs own and reside in residential dwellings within the vicinity of the four-plex. On February 25, 1980 plaintiffs made demand by certified mail on defendants that the two vacant units not be relet claiming because two of the apartments were vacant for a period in excess of six consecutive months, the nonconforming use status of the four-plex was abated under the New Orleans zoning ordinance.
On July 1, 1981 the Civil District Court of Orleans Parish granted the plaintiffs' motion for summary judgment and issued a permanent injunction restraining and enjoining defendants from using the property other than as a two-family residential dwelling. Defendants applied for a new trial and were permitted by the district court to reopen the matter for the limited purpose of alleging the unconstitutionality of the zoning ordinance. The district court on December 23, 1985 granted the plaintiffs' motion for summary judgment on the constitutional issue.
After briefing and oral argument, the court of appeal ordered the case be set for rehearing before a five judge panel pursuant to the Louisiana Constitution of 1974, Art. 5, § 8(B). On February 12, 1987 the court of appeal affirmed the judgment of the trial court with two judges dissenting. Lozes v. Waterson, supra. The application for rehearing was denied, and defendants' application for writs to this court was granted.
The major argument in this case has centered around the interpretation of the Comprehensive Zoning Ordinance of the City of New Orleans, Ordinance No. 4264 M.C.S. Art. 12, § 2 provision as to the loss of nonconforming use status by vacancy or nonuse for six months. Two court of appeal cases bear on this issuePailet v. City of New Orleans, Department of Safety & Permits, 433 So.2d 1091 (La.App. 4th Cir.1983) and State ex rel. Time Saver Stores, Inc. v. Board of Zoning Adjustments, 261 So.2d 273 (La.App. 4th Cir.1972).
The court of appeal in the present case followed its previous holding in Pailet and concluded that a nonconforming use is lost where the nonvacant portions result in use of the building in a conforming manner. The court declined to interpret Time Saver to mean that a building must be wholly vacant for six months before losing its nonconforming status.
Time Saver involved a building which contained two commercial units on the *1157 ground floor and three apartments on the second floor. The building constituted a nonconforming use in a single family dwelling area. One commercial unit and one apartment were vacant for six consecutive months precipitating a suit to prevent continued nonconforming use of the property. The trial court found one commercial unit and one residential unit lost their nonconforming status for nonuse for more than six months. The court of appeal reversed, saying:
"Thus, when (as in the present case) a building is `used in whole' for separate nonconforming uses, we believe that the `portion thereof' provisions of Section 2 are inapplicable. Therefore, when one separate section of a building so used becomes vacant for six months and the other sections are continued in nonconforming use during that period, the vacant portion does not lose its nonconforming status under the ordinance." State ex rel. Time Saver Stores, Inc. v. Board of Zoning Adjustments, supra at 276.
Pailet involved a five-family dwelling located in an area zoned for single and two family homes. For more than six months, four of the five apartments were vacant with the owner-occupied fifth unit also essentially vacant since the elderly owner was not in residence, although she intended to reestablish residency if, at a later date, she was physically able to do so. The court of appeal reversed the trial court and held the property was vacant within the meaning of Art. 12, § 2. The court also said even if the apartment had not been vacant, the trial court erred in holding that the occupancy of one apartment can preserve the status of nonconforming use for the entire house. The court said:
"... preservation of the nonconforming status requires a continuing nonconforming use that is not interrupted for more than six months. A continuing conforming use is not sufficient to preserve a nonconforming status, and after 1978, Mrs. Ponder's occupancy, if any, was only a conforming use as a single family dwelling." Pailet v. City of New Orleans, Department of Safety and Permits, supra at 1093.
The Pailet court read Time Saver to be inapplicable because the use of the owner's apartment alone would constitute single family conforming use, unlike Time Saver where a section of the building was continued in nonconforming use while other sections were vacant.
The effect of the holding by the court of appeal in this case would be either the loss of use of a portion of the building, or the conversion of the building to a conforming use. The two vacant apartments would then be taken out of commerce until the long-term leases expired on the other two apartments irrespective of how long those leases ran. This interpretation would also have the effect of discouraging a property owner from refurbishing apartments in multi-apartment buildings with nonconforming use status, since he would risk the possibility of losing the use of part of his property if the renovations could not be completed and the apartment relet within a six month period.
In Carrere v. Orleans Club, 214 La. 303, 37 So.2d 715 (La.1948), we indicated that a zoning ordinance, being in derogation of rights of private ownership and curtailing and limiting the use of property, must be strictly construed in favor of the property owner, and where exemptions appear in favor of a property owner, these exemptions should be liberally construed in favor of the property owner. See also Wright v. DeFatta, 244 La. 251, 152 So.2d 10 (La.1963). Additionally, we have held that a zoning ordinance which is subject to more than one reasonable interpretation should be construed in favor of unrestricted use of property. City of Kenner v. Normal Life of Louisiana, Inc., 483 So.2d 903 (La.1986).
In Summerell v. Phillips, 282 So.2d 450 (La.1973), this court found an ordinance unconstitutional where the ordinance allowed mobile home parks in areas zoned for other purposes, but the ordinance contained no objective standards for establishment of such mobile home districts. In Summerell the city-parish council was granted the free, unfettered and unguided *1158 discretion to grant or deny applications for zoning amendments. In that case we said:
"A zoning ordinance which contains no standard for the uniform exercise of the power to grant or deny applications for permits is unconstitutional. To be constitutional, a zoning ordinance must be sufficiently definite to notify citizens of their rights pursuant to the ordinance and must establish sufficiently definite and adequate standards to govern officials with respect to the uniform treatment of applications for permits under the ordinance...." Summerell v. Phillips, supra at 453.
Unlike Summerell, the ordinance in this case provides sufficiently definite conditions under which the nonconforming status of the building can be lost. Under the ordinance the four-plex is a "building ... used in whole ... for nonconforming purposes." The building is not a duplex in an area zoned for two-family dwellings with one apartment or room of an apartment used as a nonconforming use, in which case the "portion thereof" provision of the ordinance would apply. It is a four-plex building in a two-family area in which the entire building constitutes a nonconforming use.
We interpret the ordinance to say that where all but one unit of a nonconforming multiple family dwelling remains vacant for more than six consecutive months, the building does not lose its nonconforming status. The entire building is a single nonconforming use and all of it would have to be vacant in order to lose the nonconforming status. We find the language of the statute clear in this regard; the city attorney's opinion was in keeping with our interpretation; the ordinance establishes a sufficiently definite and adequate standard to guide both the public and the zoning authorities in the application of the ordinance. As we interpret the ordinance, it establishes a standard for the uniform exercise of the continued nonconforming status or loss of the status by vacancy of the entire building for six consecutive months or more.
For the foregoing reasons, we reverse the holding of the court of appeal and hold that the vacancy of the two apartments did not have the effect of abating the nonconforming status of the four-plex apartment building. The entire building is a single nonconforming use, and all of it must be vacant for six months or more in order to lose the nonconforming status under the Comprehensive Zoning Ordinance of New Orleans.
The judgments of the courts below are reversed, and there is now judgment in favor of defendants, Mrs. J. Aubrey Waterson, Joan A. Waterson Rodehorst and Albert Aubrey Waterson, and against the plaintiffs, Charles F. Lozes, Charles B. Johnson and J. William Vaudry, Jr., dismissing plaintiffs' suit at their cost.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I disagree with the majority's contention that the fourplex was a building used in whole for non-conforming purposes. An example of a building being used in whole for non-conforming purposes would be a single family home being used for commercial purposes. When the fourplex was completely occupied, it was being used in part for conforming purposes (two units) and in part for non-conforming purposes (two units). The part used for non-conforming purposes (two units) became and remained vacant for a continuous period of six calendar months and therefore cannot be used again except in conformity with the RD-2 zoning.[1] Accordingly, I respectfully dissent.
NOTES
[1] Mr. J. Aubrey Waterson died during the course of the proceedings, and his two children, Joan A. Waterson Rodehorst and Albert Aubrey Waterson, were substituted as parties in addition to Mrs. Waterson.
[1] If only one unit had remained vacant for six months, then the part used for non-conforming purposes (two units) would not have been vacant for six months and the fourplex would not have lost its non-conforming status.