TOWN OF BRUSLY
v.
GEORGE M. "SKIPPER" GRADY
No. 2009 CA 0238.
Court of Appeals of Louisiana, First Circuit.
June 19, 2009.
Not Designated for Publication
A.M. "TONY" CLAYTON, MICHAEL P. FRUGE, Port Allen, Louisiana, Counsel for Plaintiff/Appellee Town of Brusly.
STEPHEN M. IRVING, Baton Rouge, Louisiana, Counsel for Defendants/Appellants, George M. "Skipper" Grady and Court, Street Development, L.L.C.
Before: PARRO, McCLENDON, and WELCH, JJ.
McCLENDON, J.
The Town of Brusly filed suit against George M. "Skipper" Grady seeking an injunction. Mr. Grady appealed a judgment granting a preliminary injunction. We reversed. Subsequently, the owner of the property in question, Court Street Development, L.L.C. (Court Street), intervened and was later joined as a defendant by Brusly's supplemental and amending petition. After a trial on the merits of a permanent injunction, the trial court granted the permanent injunction. Court Street and Mr. Grady appealed. We affirm the judgment.

PROCEDURAL AND FACTUAL BACKGROUND
In the previous appeal on the grant of the preliminary injunction, this court was required to determine if Brusly was likely to prevail on the merits of whether Mr. Grady had violated zoning ordinances. To that end, we conducted a general analysis of the applicable sections of the Brusly, Louisiana Code. Zoning Ordinance (zoning ordinance). See Town of Brusly v. Grady, XXXX-XXXX (La.App. 1 Cir. 5/4/07)(unpublished), writ denied, XXXX-XXXX (La. 10/26/07), 966 So.2d 582. After our review, we found that the zoning ordinance listed low density housing as not compatible with C-l and high to medium density housing as compatible. Brusly. Louisiana Code. Zoning Ordinance, Sections 19.21(c)(7) & (8). The zoning ordinance, however, did not define the housing terms. After considering the zoning ordinance's numerous residential categories, we noted that low density could possibly be described as a single family dwelling, and that medium to high density housing "may" be reasonably interpreted to include multi-family housing.[1] See Town of Brusly, XXXX-XXXX at p. 3; Brusly, Louisiana Code. Zoning Ordinance, Sections 19.21(c)(7) & (8) and 19.32. We did not use the mandatory "shall" and, due to the scarcity of facts on the true ownership of the property and the actual residential usage employed or contemplated, we made no definitive decision on how the zoning ordinance should be interpreted or applied to what might be shown as the actual usage in this case or in future cases. Based on our general analysis, the lack of essential facts, and the confusion over the ownership of the property, we found that Brusly had not established that it was likely to prevail on the merits. Town of Brusly v. Grady, XXXX-XXXX at p. 3. Therefore, we reversed the grant of the preliminary injunction and remanded.
After a trial on the merits of a permanent injunction, a judgment was signed on August 29, 2008, enjoining the true owner of the property. Court Street, and its "agents, employees and all other persons, firms or corporations acting or claiming to act on [its] behalf, from renting and/or leasing the premises located at 557 East Main Street, Brusly, Louisiana, to residential tenants or in any other manner inconsistent with the commercial zoning of said property."
The judgment also sustained Brusly's peremptory exceptions raising the objections of no right of action and no cause of action. See LSA-C.C.P. art. 927. Through the exceptions, Brusly had argued that Court Street was not before the court in the prior proceeding for a preliminary injunction and had not been enjoined. Thus, Court Street's demand for damages in its intervention should be dismissed.
On appeal, Court Street and Mr. Grady assigned error to the grant of the permanent injunction, the trial court's unconstitutional interpretation of the zoning ordinances, and the trial court's maintenance of plaintiff's peremptory exceptions raising the objections of no right of action and of no cause of action as to Court Street's claim for damages. See LSA-C.C.P. art. 927. Appellants also filed in this court a peremptory exception raising the objection of no cause of action. See Id.

APPLICABLE LEGAL PRINCIPLES
An injunction shall issue "where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law ... ." LSA-C.C.P. art. 3601. A preliminary injunction is an interlocutory judgment designed to maintain the status quo ending a trial on the merits for permanent injunctive relief. Freeman v. Treen, 442 So.2d 757, 763 (La.App. 1 Cir. 1983). Generally, an applicant for a preliminary injunction must (1) show that he will suffer irreparable harm and (2) make a prima facie showing that he is likely to prevail on the merits. Brennan v. Board of Trustees for University of Louisiana Systems, 95-2396, p. 6 (La.App. 1 Cir. 3/27/97), 691 So.2d 324, 328. Irreparable harm must be proved by clear and convincing evidence. See Vartech Systems, Inc. v. Hayden, 2005-2499, p. 16 (La.App. 1 Cir. 12/20/06), 951 So.2d 247, 262. However, where the threatened action is shown to be in direct violation of a prohibitory law, such as a valid zoning ordinance, it is not necessary for plaintiff to show irreparable harm. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690, p. 30 (La. 7/5/94), 640 So.2d 237, 253; Jones v. Board of Ethics for Elected Officials, 97-2686, 97-2854, p. 6 (La.App. 1 Cir. 2/20/98), 709 So.2d 841, 845, writs denied, 98-0750 (La. 5/8/98), 718 So.2d 433 & 98-0782 (La. 5/8/98), 719 So.2d 51. The plaintiff need only show a violation of the ordinance by the defendant. City of New Orleans, 93-0690 at p. 30, 640 So.2d at 253.
The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence. On appeal of the permanent injunction, the appropriate standard of review is the manifest error or clearly wrong standard. Parish of East Feliciana, East Feliciana Parish Police Jury v. Guidry, XXXX-XXXX, p. 14 (La.App. 1 Cir. 8/10/05), 923 So.2d 45, 53, writ denied. 2005-2288 (La. 3/10/06), 925 So.2d 515. Under this standard, the court of appeal must review the record in its entirety and find that a reasonable factual basis does not exist for the finding, and further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. If the trial court's findings are reasonably supported in light of the record, the court of review may not reverse. Parish of East Feliciana, East Feliciana Parish Police Jury, XXXX-XXXX at pp. 14-15, 923 So.2d at 53.
The zoning ordinance, Section 19.30(a), entitled "Compliance; other regulations," states, in pertinent part, that "No building . . . shall hereafter be used . . . unless for a use expressly permitted by and in conformity with the regulations herein specified for the district in which it is located, and as set forth in the `Zoning Schedule', Section 19.32, except as hereinafter provided
Section 19.32.10. C-1 Light Commercial, provides in part, as follows:
Uses Permitted: All uses permitted in B-l Transition, and other similar limited commercial uses including but not limited to the following, where the use is determined to be compatible with the Brusly Land Use Plan, the Brusly Land Use Principles and other criteria as set forth in C-l by the Zoning Commission and Town Council.
Following the quoted material in the first paragraph are lists of specifically permitted and prohibited uses.
Section 19.21 of the zoning ordinance is entitled "Brusly land use principles." Section 19.21(c) applies to commercial property and, under (c)(7), states that "Uses compatible with commercial are medium and high density housing, institutions such as . . . colleges and universities, research organizations, . . . and agriculture . . . ." Under (c)(8), "Uses incompatible with commercial are heavy industry and low density housing

APPLICATION OF LEGAL PRINCIPLES TO FACTS PERMANENT INJUNCTION
Brusly highlights the language in Section 19.30(a), "a use expressly permitted by," and argues that only the "permitted" uses specifically listed in Section 19.32.10 are allowed by the zoning ordinance. We disagree, and reject Brusly's conclusion that, because residential housing is not specifically listed, all residential housing is disallowed in C-l.
As written, Section 19.32.10 does not appear to be ambiguous, and it clearly allows not only the specific permitted uses listed below the first paragraph, but also allows the "permitted" uses in the first paragraph referencing B-1 "and other similar limited commercial uses including but not limited to . . . the Brusly Land Use Plan, the Brusly Land Use Principles, and other criteria . . . (Emphasis added.) See LSA-C.C. art. 9. Thus, Section 19.30, by allowing uses "permitted by and in conformity with," does not negate the other "Uses Permitted" in the first paragraph of Section 19.32. The narrow reading adopted by Brusly would also cast doubt on any discretion allotted to the parties responsible for interpreting the zoning ordinance, render meaningless the sections of the zoning ordinance providing compatible uses, and, if only specifically listed uses were permitted, eliminate the need to list prohibited uses. And yet, both compatible uses and prohibited uses appear throughout the zoning ordinance.
However, notwithstanding our rejection of the Brusly interpretation asserted on appeal, we also decline to accept the expansive interpretation of the appellants. Neither the zoning ordinance nor our previous opinion prohibits Brusly from enforcing the applicable sections or exercising the discretion permitted by the zoning ordinance as to what conforms to and is appropriate for C-1.
Applying the applicable zoning ordinance sections to the record before us, we cannot say that a reasonable basis for the finding of the trial court does not exist or that the record establishes that the fact finder is clearly wrong or manifestly erroneous. The record on appeal provides sufficient support for a finding that the property was zoned C-l and leased for commercial uses, and that the use for residential purposes was sporadic, informal, of uncertain duration, and apparently included no more than one family or one person at a time. At the time of trial, the residential use was by one of the business lessees, who used the space for a living area in conjunction with the business use, and, it appears from the record, that the business lessee did not have a residential lease or an occupancy permit allowing residential use. See Brusly v. Louisiana Code, Zoning Ordinance, Section 19.28. As in the previous appeal, the testimony was unclear as to the duration and particular circumstances surrounding the partial use of the space as a living area and as to any future plan for residential use of the property. The trial court could also have reasonably found that the existing building could only sustain low density housing, which is listed as incompatible with commercial zoning, and may be prohibited by Brusly, through the parties responsible for zoning decisions. See Brusly, Louisiana Code. Zoning Ordinance, Preamble & Section 19.21(c)(8). In summary, the record provided a sufficient basis for the trial court to conclude that the usage qualified as low density, that the building would only support low density, and that low density was not compatible with C-1.
Based on those findings, we cannot say that the trial court erred in granting the permanent injunction. Therefore, to the extent that the judgment enjoins the owner of the property, Court Street, through its agents or anyone purporting to act on its behalf, from leasing the premises in question for residential housing in a manner that is inconsistent with the zoning ordinance, the judgment is affirmed. However, we do not find that the zoning ordinance clearly prohibits all residential housing for C-l as a general rule. It follows then that any broader interpretation of the trial court judgment in question, such as a holding that C-1 prohibits, now and in the future, all residential housing; for example, medium to high density housing or institutional housing, such as colleges or hospitals, regardless of the characteristics or circumstances of the particular usage or property, would be dicta and in error at this time.

CONSTITUTIONALITY OF ORDINANCE
It is well established that litigants must raise constitutional challenges in the trial court rather than in the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized. The purpose of this requirement is to allow the parties to brief and argue the issue at a contradictory hearing in the court below, and so provide a full record for this court's review. Taylor v. Clement, 2006-2518, p. 3 (La. 2/2/07), 947 So.2d 721, 723. In the absence of those prerequisites, as is the case in this appeal, we will not review the issue of constitutionality of the ordinance raised for the first time on appeal. Questions of interpretation necessary to this appeal were considered and resolved in reviewing the issue of the permanent injunction.

DAMAGES
On appeal, Court Street asserts that the trial court erred in granting Brusly's peremptory exceptions, which attacked Court Street's right to obtain damages, and in denying the damages sought in its intervention. In response, Brusly challenges Court Street's right to claim damages and noted that an intervention was not the proper procedural vehicle to pray for damages. See LSA-C.C.P. art. 3608.
Regardless of whether the damages were denied via the grant of the exceptions or the trial court's dismissal of the intervention, the result is the same. The damages sought by Court Street were denied by the trial court, and we find no error in the denial. Even if Court Street had filed a reconventional demand or motion to dissolve pursuant to LSA-C.C.P. art. 3608, Court Street was not a party before the trial court during the hearing on the preliminary injunction and was not enjoined or prevented from acting through another agent. See LSC.C.P. art. 3608. We also note that the record does not contain specific or calculable evidence of damage to Court Street.

APPELLANTS' NO CAUSE OF ACTION
The appellants' argument on the exception of no cause of action appears to be based more on a failure of proof or lack of evidence, than an argument that even if the allegations were proved, they would not afford relief to the claimant. See Adams v. Owens-Corning Fiberglas Corporation, XXXX-XXXX, p. 3 (La.App. 1 Cir. 9/23/05), 921 So.2d 972, 975, writ denied. 2005-2501 (La. 4/17/06), 926 So.2d 514; LSA-C.C.P. art. 927. More importantly, we again disagree with appellants' assertion that this court previously held that the property could be used for all residential purposes. We reiterate that, in our general analysis on the question of the preliminary injunction, we merely determined that under the few clear or undisputed facts, Brusly had not shown that it was likely to prevail. After considering Brusly's petition and amended petition in light of the above, and accepting the allegations as true, we find that appellants did not meet their burden of proof and we deny appellants' exception of no cause of action. See Id.
For these reasons, we affirm the judgment. The costs of the appeal are assessed equally to appellants, Court Street Development, L.L.C. and Mr. George M. "Skipper" Grady.
AFFIRMED; EXCEPTION DENIED.
NOTES
[1] Multi-family housing appeared to be the usage in question at the time. The effect of multifamily housing would be determined in part by the definition of low, medium, or high density. Of course, it is within the purview and discretion of the responsible parties for administration and interpretation of the zoning ordinance to make those decisions as needed, as long as the decisions do not unduly detract or erode the rights of private ownership or infringe a vested right. See Lozes v. Waterson, 513 So.2d 1155, 1157 (La.1987); Preamble, Brusly, Louisiana Code, Zoning Ordinance.